# DODSON v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
January 10, 1928.

No. 2644.

**1. Criminal law ⬉308—Presumption of innocence must be considered by jury with evidence, and is not mere belief at beginning of trial that accused is probably innocent.**

Though trial judge need not charge that presumption of innocence is evidence in favor of accused, nor, in so many words, that presumption of innocence remains with defendant through every stage of the trial, presumption of innocence is a matter which the jury must consider, along with the evidence in the case, when they come to make up their verdict, and is not merely a belief at the beginning of the trial that accused is probably innocent.

**2. Criminal law ⬉778(4)—Refusal of requested instruction on presumption of innocence, and instructing to convict if evidence showed guilt, held reversible error, as excluding presumption of innocence.**

Giving of instruction, before introduction of evidence, that presumption of innocence was not evidence in favor of defendant, and thereafter, when evidence was all in, charging that jury should convict, if they were satisfied of defendant's guilt from the evidence, without referring to the presumption, and refusal of defendant's requested correct instructions on presumption of innocence, *held* reversible error, as virtually excluding the presumption as a matter which jury must consider in reaching verdict.

**3. Criminal law ⬉823(9)—Charge minimizing presumption of innocence, or allowing jury to ignore it, is not cured by correct charge on burden of proof.**

Failure to charge on presumption of innocence is not cured by correct charge on burden of proof, and, a fortiori, a charge which minimizes the presumption, or which allows jury to ignore it in their final consideration of the case, is not cured by such a charge.

**4. Criminal law ⬉778(3)—Defendant is entitled to instruction on presumption of innocence, when other instructions are given.**

Defendant is entitled to have jury instructed as to presumption of innocence at the time when other instructions are given, and it is not sufficient that such an instruction has been given before the introduction of any evidence.

**5. Criminal law ⬉308—"Presumption of innocence" means that accused must be deemed innocent, unless evidence convinces jury of his guilt to moral certainty.**

The "presumption of innocence," to which accused is entitled means that he must be deemed innocent by the jury, unless the evidence convinces them of his guilt to a moral certainty, and jury cannot guess or speculate thereon.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Presumption of Innocence.]

N. C. Dodson was convicted of dealing in certain narcotic drugs, and he brings error. Reversed, and remanded for a new trial.

Nelson Sale, of Bedford City, Va., for plaintiff in error.

J. C. Shaffer, U. S. Atty., of Roanoke, Va., and Clarence E. Gentry, Asst. U. S. Atty., of Charlottesville, Va.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. The plaintiff in error was defendant in the court below, and will be so designated in this opinion. He was convicted of violating sections 2 and 8 of the Act of December 17, 1914 (26 USCA §§ 696, 697, 700; Comp. St. §§ 6287h, 6287n), as amended by the Revenue Act of 1918 (Comp. St. §§ 6287g, 6287l, 6287r), by dealing in certain narcotic drugs. He denied his guilt, and the testimony with regard thereto was conflicting. The principal exception relates to the charge of the court on the presumption of innocence.

Before the introduction of testimony the trial judge gave the following instruction to the jury:

"You are instructed that the defendant is presumed to be innocent, and that this presumption remains until the evidence satisfies you of his guilt beyond all reasonable doubt.

"This presumption is not evidence in favor of the defendant, and it does not necessarily stay with the defendant throughout all stages of the trial. It remains, as I have said, only until you become satisfied by the evidence that the defendant is guilty beyond all reasonable doubt.

"The purpose of this instruction is that you may go into the trial of this case, not with a belief that the defendant is probably guilty, but with a belief that the defendant is probably innocent. How long this presumption remains effective depends entirely on what the evidence is, and on the effect the evidence has on your state of mind."

At the conclusion of the testimony the court charged the jury as to the law, ignoring the presumption of innocence. Even in that part of the charge relating to the burden of proof, no reference was made to the presumption, although defendant had expressly requested in writing proper instructions with regard thereto. He excepted to the refusal to give these instructions, and also to the limitations on the effect of the pre-

sumption contained in the preliminary instruction: From an opinion filed by the learned trial judge, we find that he gave the preliminary instruction, and refused the subsequent requests, because he desired to impress upon the jury the idea that the presumption of innocence was not a matter which accompanied the defendant through all the stages of the trial, but meant no more than that the jury should go into the trial with a belief that the defendant was probably innocent. In this we think that he committed error.

[1] The presumption of innocence, which from time immemorial the law has thrown around a person accused of crime, means more than merely that the jury shall go into the trial with a belief that the accused is probably innocent. It is a presumption of law which must be weighed by the jury along with the evidence in the case in arriving at their verdict. Coffin v. U. S., 156 U. S. 432, 15 S. Ct. 394, 39 L. Ed. 481; Wolf v. U. S. (C. C. A. 4th) 238 F. 902; Hyde v. U. S. (C. C. A. 4th) 15 F.(2d) 816; Wharton's Crim. Evidence (10th Ed.) p. 627; Greenleaf on Evidence (Lewis' Ed.) par. 34, p. 49; 16 C. J. 535, 983. It is true, as said in Allen v. U. S., 164 U. S. 492, 501, 17 S. Ct. 154, 157 (41 L. Ed. 528), that it is "driven out of the case" when the guilt of the accused is established beyond a reasonable doubt; but this does not mean that jurors may ignore it when coming to consider their verdict at the conclusion of the case. On the contrary, it is the duty of jurors not to make up their minds about a case until they have heard all of the evidence, the arguments of counsel, and the charge of the court. Only after all of these have been heard does the duty of deciding the question of guilt or innocence arise, and in arriving at a decision with regard thereto jurors must consider the presumption of innocence along with the evidence and weigh the evidence in the light thereof. Only after this has been done, and the conclusion reached that the guilt of accused has been established beyond a reasonable doubt, can the presumption of innocence be said to be "driven out of the case."

We do not mean to say that it is incumbent upon the trial judge to charge that the presumption of innocence is evidence in favor of the accused. See Holt v. United States, 218 U. S. 245, 253, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138. Nor is it necessary to charge in so many words that the presumption of innocence remains with the defendant through every stage of the trial. As said in the Holt Case, language of this sort has a tendency to mislead the jury. What we do mean to say is that the presumption of innocence is a matter which the jury must consider, along with the evidence in the case, when they come to make up their verdict. It is not a mere belief at the beginning of the trial that the accused is probably innocent. It is not a will-o'-the-wisp, which appears and disappears as the trial progresses. It is not a matter which jurors may disregard, in accordance with whim or fancy. It is a legal presumption, which they must consider along with the evidence and the presumptions arising from the evidence, when they come finally to pass upon the case. In this sense, the presumption of innocence does accompany the accused through every stage of the trial. And, as it is a presumption of law to be considered by the jury, although not strictly evidence, it is in the nature of evidence in favor of the accused. Coffin v. U. S., supra, 156 U. S. 432, 460, 15 S. Ct. 394, 404 (39 L. Ed. 481). As said by Mr. Justice (later Chief Justice) White in the case cited:

"Now the presumption of innocence is a conclusion drawn by the law in favor of the citizen, by virtue whereof, when brought to trial upon a criminal charge, he must be acquitted, unless he is proven to be guilty. In other words, this presumption is an instrument of proof created by the law in favor of one accused, whereby his innocence is established until sufficient evidence is introduced to overcome the proof which the law has created. This presumption on the one hand, supplemented by any other evidence he may adduce, and the evidence against him on the other, constitute the elements from which the legal conclusion of his guilt or innocence is to be drawn."

[2] In this case, when the learned trial judge charged that the presumption of innocence was not evidence in favor of the defendant, and later, without referring to the presumption, charged that the jury should convict, if they were satisfied of guilt from the evidence, he virtually excluded the presumption as a matter which they must consider in making up their verdict. Coffin v. U. S., 156 U. S. 432, 461, 15 S. Ct. 394, 39 L. Ed. 481. And he made it clear that he intended so to exclude the presumption by charging that it did not necessarily stay with the defendant through all the stages of the trial, that the purpose of the instruction with regard thereto was that the jurors might go

into the trial with the belief that the accused was probably innocent, and that how long the presumption would remain effective depended entirely on what the evidence might be and the effect it might have on the state of mind of the jurors.

[3] The charge on the burden of proof was correct, but it is settled that failure to charge on the presumption of innocence is not cured by a correct charge on the burden of proof. Coffin v. U. S., supra. A fortiori, a charge which minimizes the presumption, or which allows the jury to ignore it in their final consideration of the case, is not cured by such a charge.

[4] We think, too, that the defendant was entitled to have the jury instructed as to the presumption of innocence at the time when they were given the other instructions in the case. Jurors understand that they are to be guided in their deliberations by the instructions given them after the testimony is concluded; and the accused is entitled to have any proper instruction given at that time. An instruction given at the beginning of the trial is likely to be forgotten or misunderstood; and in this case, even if the charge as to the presumption of innocence had been correct, the jury might well have concluded that, having been given at the beginning of the trial, and not along with the other instructions, it was not a matter which they were to consider in their deliberations.

[5] The presumption of innocence is one of the fundamentals of the law. It is not to be minimized or denied to any one accused of crime. Metaphysical disquisitions on the burden of proof may tend only to confusion; the presumption of innocence is simple and easily understood. One accused of crime has the right to have the jury take it to the jury room with them as the voice of the law, saying in effect: "You are not to guess or speculate as to this man's guilt. He is innocent, unless the evidence convinces you of his guilt to a moral certainty." This is what the presumption of innocence means; and, as said by Lord Gillies in McKinley's Case, 33 St. Tr. 275, 506, it "is to be found in every code of law which has reason, and religion, and humanity for a foundation. It is a maxim which ought to be inscribed in indelible characters in the heart of every judge and juryman." Important as it is that violators of the law be punished, it is of infinitely greater importance that this safeguard of the innocent be preserved inviolate.

For the reasons stated, the judgment of the District Court is reversed, and the cause is remanded for a new trial.

Reversed.