**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Chester Lee THAXTON, Defendant-
Appellant.**

**No. 73-2066
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Robert B. Thompson, Gainesville, Ga., for defendant-appellant.

William J. Schloth, U. S. Atty., Ronald T. Knight, U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Chester Lee Thaxton was convicted on three counts charging possession and transportation of untaxed liquor in violation of 26 U.S.C. § 5205(a)(2) and 26 U.S.C. § 5604(a). The only question on appeal is whether the trial court committed reversible error in its instructions on the presumption of innocence. We affirm.

The trial court instructed the jury as follows:

> Now, in this case as in all other cases like it, we enter upon the trial with the presumption that the defendant is innocent. That presumption while not evidence strictly speaking is yet in the nature of evidence on behalf of the defendant, because that presumption is a rule of law which casts upon the United States the burden of proving the charges it brings against the defendant, and it is the duty and the burden of the Government to prove the charges and each and every essential ingredient thereof beyond a reasonable doubt. If and when the Government does that, then this presumption of innocence entirely disappears from the case, because in the last analysis it is the evidence which ought to control a fact finding body in search of the true facts.

The defendant promptly objected to that portion of the charge "where the Court instructed the jury that the presumption of innocence disappears at a certain point in the trial of the case." He further requested that the court charge the jury that "the presumption of innocence alone is sufficient to justify the verdict of not guilty, and that the presumption does not disappear except with a verdict of guilty."

■ ■ The presumption of innocence performs a two-fold function in our criminal process. First, as a corollary to the standard of proof in a criminal case, it serves to remind the jury that the prosecution bears the burden of persuading the fact-finder of the defendant's guilt beyond a reasonable doubt and that in the absence of such proof that the jury must acquit. Second, "it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced." 9 Wigmore on Evidence § 2511, at 407 (3d ed. 1940). The charge usually given in both state and federal courts informs the jury of both the "persuasion" and "purging" functions of the presumption.[1] While the charge as delivered by the trial court in the case at bar departs from the common form of instruction that has previously met appellate approval, the mere failure to instruct by use of the customary formula does not constitute reversible error unless the charge given fails to inform the jury of the purpose and functions of the presumption. United States v. Nimerick, 118 F.2d 464, 467 (2d Cir.), cert. denied, 313 U.S. 592, 61 S.Ct. 1117, 85 L.Ed. 1546 (1941); see also Black v. United States, 309 F.2d 331, 342–343 (8th Cir. 1962); United States v. Senior, 274 F.2d 613, 616–617 (7th Cir. 1960).

■ In the context of the concluding charge to the jury, the court's charge in the present case contains a description of the operation of the presumption that was wholly correct in a technical legal sense. Although this presumption is "one of the strongest rebuttable presumptions known to the law," it does not constitute evidence in favor of the accused and "it disappears when a verdict of guilty, supported by substantial evidence, is returned against the defendant." Bradford v. United States, 129 F.2d 274, 277 (5th Cir.), cert. denied 317 U.S. 683, 63 S.Ct. 205, 87 L.Ed. 547 (1942).

Thaxton contends, however, that the present charge is misleading since the jury might infer that, after some point during the course of the trial when the government had produced sufficient evidence to establish each element of the offense beyond a reasonable doubt, they could disregard the hortatory commands that the presumption carries. He points out that the charge lacks the customary instruction that the presumption accompanies the accused down to the moment at which each member of the jury concurs in a verdict of guilty. H. Underhill on Criminal Evidence § 18, at 33 (2d ed. 1910); but cf. C. McCormick, Law of Evidence § 342, at 805–806 (2d ed. 1972). Federal courts have never held that the failure to instruct the jury, in the vernacular idiom, that the accused is "presumed innocent until proven guilty" constitutes reversible error. Compare, for example, the instruction approved by the Supreme Court in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and that approved in Agnew v. United States, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624 (1897), with the charge given in the case *sub judice*.[2]

---

1. *See, e. g.*, 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 1101 at 205 (2d ed. 1970) :

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate"—with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all of the evidence in the case.

2. In *Agnew*, the trial court charged the jury as follows:

"The defendant is presumed to be innocent of all the charges against him until he is proven guilty by the evidence submitted to you. This presumption remains with the defendant until such time, in the progress

Both charges approved by the Supreme Court were framed in language that would have the effect of allowing the presumption to vanish when the jury's deliberations brought them to the conclusion that the government had proven the guilt of the defendant beyond a reasonable doubt. *See* 2 C. Wright, Federal Practice and Procedure § 500, at 345–46 (1969).

██ The timing of the court's action in instructing the jury is the salient factor in distinguishing the present case from Dodson v. United States, 23 F.2d 401 (4th Cir. 1928), the primary decision relied upon by the appellant. In that case the court instructed the jury *prior to the introduction of evidence* that the presumption of innocence stayed with the defendant only "until you have been satisfied that the defendant is guilty. . . ." The trial court refused to give any additional instruction on the continuing effect of the presumption at the close of all the evidence. In reversing Dodson's conviction, the Fourth Circuit pointed out that under the circumstances the jury might have ignored the presumption of innocence as a matter to be considered along with the evidence when they began their deliberations. "[I]t is the duty of jurors not to make up their minds about a case until they have heard all of the evidence, the arguments of counsel, and the charge of the court." 23 F.2d at 402. *See also* Lurding v. United States, 179 F.2d 419, 422 (6th Cir. 1950). In the present case, the disputed instruction was given *at the conclusion of the evidence* and after arguments of counsel. Only the jury deliberation remained. Obviously, the import the court's charge could have here was to tell the jurors they were to

consider the presumption of innocence along with the evidence during their deliberations but if they should conclude that the prosecution had established its case beyond a reasonable doubt, the presumption had no further effect and would not prevent the return of a guilty verdict based on the evidence.

The instruction as delivered did not deny Thaxton "the right to have the jury take [the presumption of innocence] to the jury room with them as the voice of the law . . . ." Merrill v. United States, 338 F.2d 763, 768 (5th Cir. 1964), quoting Dodson v. United States, *supra*, 23 F.2d at 403. The court's instruction, while not a preferable articulation of the operation of the presumption of innocence, did not constitute reversible error and the appellant's convictions are

Affirmed.

---

of the case, that you are satisfied of the guilt beyond a reasonable doubt."
165 U.S. at 51, 17 S.Ct. at 241.
In *Allen*, the trial court charged the jury as follows:
"That a party starts into a trial, though accused by the grand jury with the crime of murder, or any other crime, with the presumption of innocence in his favor. That stays with him until it is driven out of the case by the testimony. It is driven

out of the case when the evidence shows beyond a reasonable doubt that the crime as charged has been committed, or that a crime has been committed. Whenever the proof shows beyond a reasonable doubt the existence of a crime, then the presumption of innocence disappears from the case. That exists up to the time that it is driven out in that way by proof to that extent."
164 U.S. at 500, 17 S.Ct. at 157.