**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Andrew Charles NELSON, Paul Miller Harrison, James Welty and Sandra Welty, Defendants-Appellants.**

**No. 73–1451.**

United States Court of Appeals, Fifth Circuit.

Aug. 2, 1974.

Harry Lee Hudspeth, El Paso, Tex. (Court-appointed), for Andrew Charles Nelson.

Pat E. Dwyer, El Paso, Tex. (Court-appointed), for Paul Miller Harrison.

Marc Prelo, Jr., Albuquerque, N. M., for James and Sandra Welty.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Among other contentions asserted on this appeal, defendants Andrew Charles Nelson, Paul Miller Harrison, Sandra Welty and James Welty argue, and we think correctly, that the trial court committed reversible error when it failed to instruct the jury on the presumption of innocence. As early as 1895 the Supreme Court recognized that, if the accused requests an instruction on the presumption of innocence, a court must give such an instruction or the conviction cannot stand. Coffin v. United States, 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1895). We very recently reiterated this view in United States v. Fernandez, 496 F.2d 1294 (5th Cir., 1974). [No. 73–1446, June 28, 1974]. In *Fernandez* the court was concerned with an instruction almost identical to the instruction

in question here.[1] Judge Simpson pointed out there that, since Fernandez had not objected to the court's omission or requested an instruction, the failure to instruct must constitute "plain error" before the conviction will be reversed. But the court emphasized that the failure to so instruct when requested or when the defendant objects makes out reversible error and the accused is entitled to a new trial.

We are not persuaded by the government's argument that references to the presumption by the court and counsel throughout the proceedings, from voir dire to closing argument, adequately apprised the jury of the presumption of innocence. These refer-

---

1. The court's instructions provide in pertinent part as follows:

"I must also warn you that in a criminal case, there is absolutely no obligation of the Defendant to prove his innocence. The burden of proving his or her guilt on any one of the counts in the indictment beyond a reasonable doubt rests solely on the prosecution. That burden never shifts and that burden cannot be sustained unless and until the proof offered by the Government in the case convinces you beyond a reasonable doubt of the guilt of the defendant.

"I am now required to define 'reasonable doubt. The term reasonable doubt which is used in this charge means a doubt based upon reason arising out of the evidence or lack of evidence in the case. A reasonable doubt is such doubt as leaves the juror's mind so undecided that he or she does not have an abiding conviction of the defendant's guilt after a full and fair consideration of all of the evidence in the case.

"A reasonable doubt is such doubt as would cause a reasonable, thoughtful and prudent person to hesitate to act if confronted with a question of importance concerning that juror's own personal affairs. On the other hand, reasonable doubt does not arise from a mere conjecture, speculation or whim, nor does it arise from a reluctance to convict through a feeling of sympathy or mercy. A reasonable doubt is a conscientious belief arising only after a calm, dispassionate and impartial consideration of all of the evidence. It is not necessary for the Government, however, to prove the guilt of the Defendant beyond all possible or conceivable doubt. If that were the rule, few persons, however guilty they might be would ever be convicted by a a jury. It is practically impossible for a person to be absolutely and completely convinced upon any fact, which by its very nature, is not susceptible to exact and precise mathematical proof and certainty.

"In consequence, the law is such that in a criminal case it is sufficient that the government establish the Defendant's guilt on any one count in the indictment beyond a reasonable doubt rather than and not necessarily on all possible or conceivable doubt.

"It therefore becomes your duty to carefully consider all of the evidence before you, and if as a result of the evidence you can and do entertain a reasonable doubt as to the guilt of any one or more of the accused on any one or more of the counts in the grand jury indictment, then you should so find that defendant innocent and it will be your duty to give the benefit of the doubt to the defendant in any case where you have such doubt.

"On the other hand if all of the evidence when carefully examined, weighed and considered by you produces in your mind a conviction or belief of the guilt of any one of the accused in this case beyond a reasonable doubt, as I have defined the term for you, you may then be said to be free from reasonable doubt and should accordingly return a finding of guilty as to each count on which you have no such reasonable doubt.

"Now, bear in mind I again charge and instruct you that the grand jury indictment is not evidence. It is not any evidence whatsoever of guilt, and it must not be considered by you as evidence. The indictment is merely the means by which the grand jury brings the case before a court and jury so that it can be tried and you can hear and decide the case.

*    *    *    *    *

"However, in conclusion and summary, I want to tell you that this is of course the crux of the case, if the Government has established each and all of the essential elements as I have given them to you contained and charged in the grand jury indictment beyond a reasonable doubt as to any one or more of the defendants, then you should find that defendant, or those defendants guilty on that particular count. On the other hand, if you find that the Government has not established or has failed to establish each and all of the essential elements in any one of such counts of the indictment beyond a reasonable doubt as to any defendant, then you should acquit that defendant and say so by your verdict of not guilty as to that particular count in the indictment."

ences coupled with the court's detailed instructions on burden of proof properly informed the jury as to the requirement that the government must establish beyond a reasonable doubt all the elements of the alleged crime. But even continual references throughout the proceedings do not sufficiently remind the jury at the conclusion of the evidence that, in determining the guilt or innocence of the accused, it must put away from their minds "all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced." United States v. Thaxton, 483 F.2d 1071 (5th Cir., 1973), quoting 9 Wigmore on Evidence, § 2511, at 407 (3d Ed. 1940).

■ Additionally, our review of the record supports the conclusion that the defendants properly objected or requested an instruction on the presumption. With regard to Nelson and both Weltys, the record discloses that trial counsel submitted to the court a requested instruction on the presumption of innocence. As to Harrison, the record does not discose an objection or requested instruction, but the particular facts of this case require that this omission be excused. When the court instructed the jury at the close of the evidence, no reference was made to the presumption of innocence. When the jury was taken out of the court room, defense counsel, representing a defendant not involved on this appeal, properly objected. Prompted by this objection the court reread the instruction to counsel, but inadvertently included a statement regarding the presumption of innocence. This mistake created the substantial likelihood that the other attorneys present who might have also entered an objection were misled by the court's inadvertent inclusion of the additional statement and, therefore, did not object.

■ We also note the contention of James and Sandra Welty that the trial court failed to properly limit the jury's use of certain co-conspirator declarations. Those declarations are inadmissible against a defendant not present when they were made until the prosecution, by independent evidence, establishes the conspiracy's existence, and the absent defendant's participation in it. Other co-conspirator declarations cannot constitute independent evidence, though the prosecution may use hearsay testimony properly admitted under another exception. The court must clearly and carefully limit the jury's use of co-conspirator declarations at the time of their admission. Lutwak v. United States, 344 U.S. 604, 618–619, 73 S.Ct. 481, 97 L.Ed. 593 (1953); United States v. Apollo, 476 F.2d 156 (5th Cir., 1973). The trial court's limiting instruction below did not satisfy these requirements.

The trial court's failure to instruct the jury on the presumption of innocence despite trial counsel's diligent attempts to point out the error requires us to reverse as to all appellants.