**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**John Robert DILG, Defendant-Appellant.**

**Nos. 81–7803, 81–7882.**

United States Court of Appeals,
Eleventh Circuit.

March 14, 1983.

Thomas M. Haas, Mobile, Ala., for defendant-appellant.

D. Broward Segrest, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before KRAVITCH, HATCHETT and CLARK, Circuit Judges.

KRAVITCH, Circuit Judge:

Appellant John Robert Dilg was convicted of violations of 18 U.S.C. §§ 371, 844(d) and 844(i): conspiracy; transporting explosives in interstate commerce with the intent to damage and destroy a building; attempting maliciously to destroy a building whose activity affected interstate commerce; and 26 U.S.C. §§ 5861(d) and 5861(j): possession of an unregistered destructive device; and transporting in interstate commerce an unregistered destructive device.

On appeal, appellant challenges: (1) denial of a motion for a new trial in which the insanity defense could be raised; (2) admission of a tape recorded conversation to rebut an inference raised by defendant's proof when the tape was not disclosed prior to trial pursuant to a discovery order; (3) the trial judge's instruction on accomplice testimony; and (4) the trial judge's failure to give instructions on the presumption of innocence at the close of arguments when defense counsel objected to the failure and the only instruction on the presumption of innocence was given prior to the jury panel being selected or sworn.

We reach the merits of only the last of the issues raised because reversal of the conviction is required on the basis of that issue alone.

*Facts*

The basis for appellant's indictment and convictions on all five counts was an allegation that Dilg, an owner of two night clubs, one in Mobile and the other in Dothan, Alabama, hired the alleged co-conspirators to burn down a competitor's drinking establishment in Dothan and, when that failed, to plant and explode a bomb in that establishment. An unexploded bomb was discovered in the building, removed and detonated. Fingerprints of one of the alleged co-conspirators were found on the device. Testimony of the alleged co-conspirators connected appellant to the conspiracy. Appellant testified at trial, denying his involvement. During the course of the trial the Assistant U.S. Attorney revealed for the first time that he possessed evidence that the defendant exhibited paranoid behavior, providing the basis for a possible insanity defense. The trial judge ruled that the trial should continue, subject to later proof that defendant had a plausible insanity claim. Four months after the trial and conviction of Dilg, a motion for a new trial was made by his attorney on the basis that there was evidence that Dilg had been insane at the time the act was committed. The motion was denied and this appeal ensued.

*Instructions on the Presumption of Innocence*

Prior to commencement of the trial of appellant, a jury venire consisting of a sufficient number of persons from which to select juries for two criminal trials, Dilg's and another which was to follow Dilg's in the same week, was brought into the courtroom. Before the jury for either case had been selected the judge gave preliminary instructions to the entire venire. At the beginning of those instructions the judge said:

Now, you will hear all of the evidence and determine the facts from that evidence in the light of the law which it is my duty to tell you about before you start deliberating the case. So, don't try to decide the case until after all of the evidence is before you and until I have instructed you as to the law that binds us all. You will be, if you are selected, sworn to base your verdict upon the evidence that comes to you from the witness stand here and in the light of the law as I state it to you.

Record at 3–4. The court continued:

The indictment is the formal charge against a Defendant. It is not evidence

of anything. It is simply a statement of a charge or one or more charges against a defendant, and the defendant is presumed to be innocent until you decide in the final analysis of all of the facts as you find them to be in the light of the law as I give it to you that he is guilty. He is innocent until that time.

Record at 4. The court then proceeded to give the instruction on the government's burden of proving the case beyond a reasonable doubt.

After these general instructions, the two juries were selected. The one for the Dilg trial remained in the courtroom and the second jury was excused until the time of that trial. The court, prior to swearing in the jurors, gave more preliminary instructions in regard to the crime of conspiracy and other offenses charged in the indictment. No further mention of the presumption of innocence was made.

At the close of the three day trial, immediately subsequent to the delivery of closing arguments by counsel, the court made its final charge to the jury, the charge to which he had referred in the preliminary instructions and for which the jury had been admonished to wait before deciding the guilt or innocence of defendant. After reviewing the elements of the crimes and definitions of certain critical terms, the court referred again to the government's burden of proof: "Of course, the burden is on the Government, and it is the duty of the Government to prove by the evidence beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis every circumstance necessary to show that the Defendant is guilty. And unless the Government has done that in this case, it is the duty of the Jury to render a verdict of not guilty." Record at 494.

The court concluded the instructions with references to the weighing of testimony, his duty to sentence, accomplice testimony, a review of the definition of possession and the need for a unanimous verdict. The jury

was then excused and the judge asked the attorneys if they were satisfied with the instructions. Dilg's counsel, Mr. Haas, responded as follows:

Mr. Haas: I would ask that you charge this Jury on reasonable doubt and the burden of proof, the presumption of innocence here. You may have said something about it earlier—

The Court: Oh, I did. I charged at length on it in the opening because I felt that they needed that at the inception of this case.

Mr. Haas: Well, I am not quarreling. I am sure if Your Honor said you did, you did. I don't personally remember it right now, but I am sure you did. What I am getting at is, that I always feel like that if the Jury is charged on those basic fundamental principles of law just before they go out, that it is certainly better. And so that they would understand, when all the evidence is in, that that is still true and that the presumption of innocence is a fact, and that what the burden is in this case as contrasted with some case they may have tried in civil court.

The Court: Well, I gave each of the charges you asked for, and one or two of those touched on the subjects, additionally to what I did at the beginning. So, I won't do that.

Record at 501–02.

■ Given the above dialogue, there is no question but that counsel adequately objected to the failure to instruct on the presumption of innocence and has reserved that objection for appeal. *See United States v. Nelson,* 498 F.2d 1247, 1249 (5th Cir.1974).[1] *Cf. United States v. Fernandez,* 496 F.2d 1294, 1297 (5th Cir.1974) (where defendant fails to object to failure to instruct or to request that a presumption of innocence charge be given, under Fed.R.Crim.P. 52(b) failure to instruct must rise to the level of plain error before reversal is warranted). This the government does not dispute.

**1.** In the en banc decision, *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

In his brief appellant argued that he was deprived of a fair trial because the court failed to instruct at the close of the evidence on burden of proof, reasonable doubt and presumption of innocence. At oral argument appellant's contention apparently was narrowed to the absence of an instruction on the presumption of innocence and reasonable doubt. We will confine our discussion to the issue raised by failure to instruct on the presumption of innocence at the close of the evidence as our disposition of the case is mandated by resolution of that issue alone.

The government argues that any error from the failure to charge on the presumption of innocence at the close of the evidence and after closing arguments was not reversible error. It contends that because the judge gave the presumption of innocence instruction before the voir dire; because the trial, three days in length, in their view was relatively short; because defense counsel referred to the presumption of innocence instruction during closing arguments; and because the judge in his closing instructions gave the instructions on burden of proof and allegedly referred back to his preliminary instructions, the error in not instructing at the close of the evidence was not reversible. The government submits that the jury knew that the presumption of innocence prevailed.

A debate over what the jurors in this case did or did not understand as they retired to the jury room will not resolve the issue before us. Rather a review of the applicable law in this circuit on the appropriate timing of instructions is required to decide whether the error committed warrants reversal.

Preliminarily we look to Fed.R.Crim.P. 30 governing "Instructions." The rule mandates that "the court shall instruct the jury after the arguments are completed." In the instant case, the trial judge gave some instructions after the closing arguments but not the instruction on presumption of innocence. Rule 30 makes no exception to the requirement that jury instructions be given after closing arguments and no exception

can be inferred, particularly not for the critical instruction here at issue. *See Taylor v. Kentucky,* 436 U.S. 478, 483, 98 S.Ct. 1930, 1933, 56 L.Ed.2d 468 (1978); *Coffin v. United States,* 156 U.S. 432, 453, 15 S.Ct. 394, 402, 39 L.Ed. 481 (1895). Thus, appellee must and does concede that failure to give the instruction at the close of the evidence was error. Our inquiry moves on to the issue of whether it was reversible error.

■ Before proceeding to the substance of the inquiry we note that appellant need not establish an error of constitutional dimension in order for reversal to be warranted. This is a case in which a violation of federal rules and procedure is alleged. Thus this case is distinguishable from those which come to the federal courts through the channels of federal habeas corpus proceedings, 28 U.S.C. § 2254, *e.g., Payne v. Smith,* 667 F.2d 541 (6th Cir.1981), *cert. denied,* 456 U.S. 932, 102 S.Ct. 1983, 72 L.Ed.2d 449 (1982), or to the United States Supreme Court on direct review of state proceedings, *e.g., Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979); *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), in which an error must rise to the level of a federal constitutional violation before relief is warranted. Here we are asked to exercise our supervisory power over the lower federal courts to determine whether the error is reversible. Furthermore, unlike cases in which counsel for the defendant fails to object to the failure to instruct, and which therefore come within the scope of Fed.R. Crim.P. 52(b), *e.g., United States v. Fernandez,* 496 F.2d 1294, 1297 (5th Cir.1974), appellant need not show that failure to instruct rises to the level of plain error. *See, e.g., Helton v. United States,* 231 F.2d 654 (5th Cir.1956).

The former Fifth Circuit in *United States v. Thaxton,* 483 F.2d 1071, 1073 (5th Cir. 1973), indicated that an instruction on the presumption of innocence performs a dual function. First, it serves as a corollary to the burden of proof instruction that unless the prosecutor proves guilt beyond a rea-

sonable doubt the jury must acquit. *Id.* "Second, 'it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced.'" *Id.,* quoting 9 Wigmore on Evidence § 2511, at 407 (3d ed. 1940) (hereinafter Wigmore). The court proceeded to rule that where some instruction on presumption of innocence is given, failure to give the customary instruction "does not constitute reversible error unless the charge given fails to inform the jury of the purpose and functions of the presumption." *Id.* Thus we must determine whether the giving of the instruction on presumption of innocence prior to empanelling of the jury, indirectly supplemented by references to the presumption of innocence by defense counsel during closing arguments, but failure of the court to instruct after closing arguments or at any time during trial, adequately "inform[ed] the jury of the purpose and functions of the presumption." *Id.*

▮ A long-standing principle of federal jurisprudence is that a total failure to charge on the presumption of innocence accompanied by a defendant's objection to such failure requires reversal of a conviction and remand for a new trial without further inquiry. *Coffin v. United States,* 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1895); *Merrill v. United States,* 338 F.2d 763, 767–68 (5th Cir.1964); *Helton v. United States,* 231 F.2d 654 (5th Cir.1956); *Dodson v. United States,* 23 F.2d 401, 403 (4th Cir. 1928). In the instant case, although one

could argue that there was a total failure to instruct the jury on the presumption of innocence because the only instruction from the court on this point was made prior to the jury being struck or sworn and, thus, at no time during Dilg's actual trial[2] was this critical instruction given, the judge did give a presumption of innocence instruction to the venire from which the jury was selected. We proceed, therefore, to the critical question of whether the purposes underlying the presumption of innocence instruction, set forth in *United States v. Thaxton, supra,* were served in this case.

In *United States v. Davila-Nater,* 474 F.2d 270 (5th Cir.1973), a panel of this court held that failure to charge on the presumption of innocence at the close of the evidence and after closing arguments did not constitute reversible error where the trial judge instructed the jury on the presumption of innocence after they were sworn but before presentation of evidence, he referred back to his original instruction on the presumption in his closing charge,[3] and the United States Attorney told the jury that the defendant was "'cloaked in the presumption of innocence, so that the burden of proving his guilt is upon the Government.'" *Id.* at 284–85.

Relying primarily on the fact that the trial judge did give the instruction during the trial and did refer back to that instruction in his closing charge, the court found that the jury was instructed sufficiently on the presumption to preclude reversal.[4] *Id.* at 285.

2. The case law determining when jeopardy attaches for the purposes of the double jeopardy clause of the fifth amendment is helpful in analyzing when a particular defendant's trial actually has begun. No jeopardy attaches in a jury trial until the jury is empanelled and sworn. *Willhauck v. Flanagan,* 448 U.S. 1323, 1325, 101 S.Ct. 10, 11, 65 L.Ed.2d 1147 (1980) (Brennan, J. as Circuit Judge denying application for stay pending appeal to federal court of appeals); *Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977), *affirming* 534 F.2d 585 (5th Cir.1976); *United States v. Futch,* 637 F.2d 386, 389 (5th

Cir. Unit B 1981). Here the only instruction on presumption of innocence was given before the jury had been selected or sworn.

3. In his closing charge, the trial judge in *Davila-Nater* stated: "'As I told you in the beginning, and I will tell you again, in a criminal case there is no obligation of the defendant to prove his innocence.'" 474 F.2d at 284.

4. Here the court also said: "[T]his is a good place to emphasize that the trial judge should be careful to give the instruction on the presumption of innocence at the close of the case, so as to leave no room for controversy on this subject." *Id.* at 285.

■ The facts of the instant case are significantly distinguishable from those in *Davila-Nater*. First of all, here the court never instructed the jurors, as the jury sworn to decide Dilg's case, on the presumption of innocence. The potential jurors as members of the entire venire had no sworn legal duty to heed the preliminary instructions of the court given prior to their being sworn as jurors.[5] Thus there is no legal basis to assume that they did follow those instructions. Furthermore, in the course of these preliminary instructions the judge specifically led the venire to believe that he would not actually instruct them on the law by which they were bound until a later time, after all the evidence had been heard.[6] There was no indication that the preliminary instructions were intended as the sole source of any aspect of the law by which the case was to be decided. To make matters worse, at no time during the instructions given at the close of the trial did the judge refer back to the pre-trial instruction given on the presumption of innocence.[7]

Appellee contends that the error is non-reversible because, inter alia, the judge did instruct on the burden of proof in the closing charge.[8] The United States Supreme Court consistently has held that an instruction on the government's burden of proof will not cure the absence of an instruction on the presumption of innocence. *Taylor v. Kentucky*, 436 U.S. 478, 484, 98 S.Ct. 1930, 1934, 56 L.Ed.2d 468 (1978); *Coffin v. United States*, 156 U.S. 432, 452–53, 15 S.Ct. 394, 402, 39 L.Ed. 481 (1895). "While the legal scholar may understand that the presumption of innocence and the prosecutor's burden of proof are logically similar, the ordinary citizen well may draw significant additional guidance from an instruction on the presumption of innocence." *Taylor v. Kentucky*, 436 U.S. at 484, 98 S.Ct. at 1934.

'[I]n a criminal case the term [presumption of innocence] does convey a special and perhaps useful hint over and above the other form of the rule about the burden of proof, in that it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced. In other words, the rule about burden of proof requires the prosecution by evidence to convince the jury of the accused's guilt; while the presumption of innocence, too, requires this, but conveys for the jury a special and additional caution (which is perhaps only an implied corollary to the other) to consider, in the material for their belief, *nothing but the evidence, i.e.,* no surmises based on the present situation of the accused. This caution is indeed particularly needed in criminal cases.' (emphasis the Court's).

*Id.,* quoting Wigmore.

Appellee also argues that references by defense counsel during his closing argument to the presumption of innocence adequately informed the jury of the presumption. In *United States v. Nelson*, 498 F.2d 1247 (5th Cir.1974), cited by the Supreme Court in *Taylor,* the trial court gave no instruction on the presumption of innocence but the

---

**5.** Counsel for defendant, arguing the case on appeal, said at oral argument that he did not take notes at the time the instructions were given because he did not consider that the trial had begun when the voir dire had not yet commenced.

**6.** *See* text *supra* at 4, citing Record at 3–4.

**7.** Appellee contends that the court did refer back to the instructions. For this proposition pages of the record are cited which are not supportive of this contention. The closest the trial judge came to referring back to the pre-trial instructions was in saying: "[I]t is my duty to instruct you as to the law that I haven't already talked to you about that binds us all in any case, particularly in this case." Record at 489. This does not qualify as a reference back to the presumption of innocence charge given three days before.

**8.** The court at this time stated: "Of course, the burden is on the Government, and it is the duty of the Government to prove by the evidence beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis every circumstance necessary to show that the Defendant is guilty. And unless the Government has done that in this case, it is the duty of the Jury to render a verdict of not guilty." Record at 494.

government argued "that references to the presumption by the court and counsel throughout the proceedings, from voir dire to closing argument, adequately apprised the jury of the presumption of innocence." *Id.* at 1248. While recognizing that these references coupled with the court's instruction on the burden of proof in the case may satisfy the first purpose of a presumption of innocence instruction, *id.* at 1248–49, the court held that "even continual references throughout the proceedings do not sufficiently remind the jury at the conclusion of the evidence that, in determining the guilt or innocence of the accused, it must put away from their minds 'all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced.'" *Id.* at 1249, quoting *United States v. Thaxton,* 483 F.2d at 1073.[9] Thus,

it is clear that arguments by defense counsel and references to the presumption of innocence will not cure an otherwise reversible error of failing to instruct on the presumption of innocence.[10]

In the final analysis then, since neither giving of instructions on the burden of proof nor references by counsel to the presumption of innocence during closing arguments is sufficient to make the error committed by the trial court nonreversible, "[t]he timing of the court's action in instructing the jury is the salient factor . . . ." *United States v. Thaxton,* 483 F.2d at 1074. In *Thaxton* a charge on the presumption of innocence was given at the close of the evidence and after the arguments of counsel. The instruction, however, lacked the customary element that the presumption stays with the accused until

9. In *United States v. Davila-Nater,* 474 F.2d at 284–85, decided prior to *Nelson* and *Taylor,* this court did ascribe some significance to the fact that the prosecutor discussed the presumption of innocence in his opening argument. However the holding of *Davila-Nater* that failure to repeat a presumption of innocence instruction at the close of the evidence was not reversible error was based on the fact that the judge had given the instruction at the beginning of the trial, after the jury was duly sworn, and had referred back to that specific instruction in his final charge. *Id.* at 285. This court specifically noted that "counsel do not instruct the jury on the law . . . ." *Id.* Against this setting the court's reference to fact that the United States Attorney spoke at length to the presumption of innocence can be explained and distinguished from *Nelson* and the instant case by the fact that in *Davila-Nater* it was the government's attorney and not defense counsel who spoke to the presumption. A court could assume that a jury would be more likely to give weight to the presumption when explained by counsel for the government than when explained by defense counsel.

10. Appellee would have us follow a decision of the new Fifth Circuit, *United States v. Ruppel,* 666 F.2d 261 (5th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 3487, 73 L.Ed.2d 1369 (1982), by which we are not bound, in giving weight to the fact that defense counsel discussed the presumption of innocence in closing arguments. *See, id.* at 274. This we decline to do.

In reaching its result that arguments of appellant's counsel are a factor to be considered in deciding whether violations of Rule 30 constitute reversible error, the new Fifth Circuit applied the "totality of the circumstances" test

set forth in *Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979). However, the "totality of the circumstances" test was developed to decide when failure to instruct on the presumption of innocence rises to the level of a constitutional violation. A federal constitutional claim is necessary for reversal of a state proceeding on direct appeal to the Supreme Court, *e.g., Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979); *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), or, in the absence of violations of a federal statute, to grant federal habeas corpus relief, *e.g., Payne v. Smith, supra,* 667 F.2d 541. In *Ruppel,* as in the instant case, the issue is not whether a constitutional due process violation has occurred but whether under the law of federal procedure failure to comply with Rule 30 constitutes reversible error. Thus, we decline to apply the test used by the new Fifth Circuit in *Ruppel* and, therefore, consistent with former Fifth Circuit precedent by which we are bound, decline to rely on references to the presumption of innocence during the closing arguments of defense counsel to cure otherwise reversible error.

We note that even if we were to apply the test of *Ruppel* the result would not differ, for *Ruppel* is also factually distinguishable from the instant case. In *Ruppel* instructions on the presumption of innocence were given after, not before, the jury was sworn and the trial judge specifically asked the jury in his closing charge to recall the presumption of innocence instruction. *United States v. Ruppel,* 666 F.2d at 274 & n. 10.

the very moment when the jury agrees to a guilty verdict. *Id.* at 1073. In deciding that failure to include this element in the instruction was not reversible error, because both purposes underlying the instruction were served, the court distinguished the case of *Dodson v. United States,* 23 F.2d 401 (4th Cir.1928), in which a similar instruction had been given and was held to constitute reversible error. The *Thaxton* court distinguished *Dodson* as follows:

> In that case the court instructed the jury *prior to the introduction of evidence* that the presumption of innocence stayed with the defendant only 'until you have been satisfied that the defendant is guilty....' The trial court refused to give any additional instructions on the continuing effect of the presumption at the close of all the evidence. In reversing Dodson's conviction, the Fourth Circuit pointed out that under the circumstances the jury might have ignored the presumption of innocence as a matter to be considered along with the evidence when they began their deliberations....
> In the present case, the disputed instruction was given *at the conclusion of the evidence* and after arguments of counsel. Only the jury deliberation remained.... The instruction as delivered did not deny Thaxton 'the right to have the jury take [the presumption of innocence] to the jury room with them as the voice of the law ...' *Merrill v. United States,* 338 F.2d 763, 768 (5th Cir.1964), quoting *Dodson v. United States, supra,* 23 F.2d at 403. (emphasis the court's).

*United States v. Thaxton,* 483 F.2d at 1074.

In the instant case, the issue is not merely the continuity of the presumption in the jurors' minds but indeed whether the jury *ever* considered the presumption. Not only did the court fail to give the instruction immediately prior to jury deliberation but in fact gave the instruction only prior to the jury initially being selected and sworn, a full three days before jury deliberation be-

gan. In addition, the judge failed to refer back to the pretrial instruction and refused to do so even after defense counsel made a timely objection. These facts, even more than those in *Dodson,* present a great risk that the jury "ignored the presumption of innocence ...." *Id.*

Under these circumstances, the court's charge "fail[ed] to inform the jury of the purpose and functions of the presumption." *Id.* at 1073. The jury was not cautioned adequately " 'to reach their conclusion solely from the evidence adduced.' " *Id.,* quoting Wigmore. We hold, therefore, that Dilg was denied " 'the right to have the jury take [the presumption of innocence] to the jury room with them as the voice of the law ...' " *Id.,* quoting *Merrill v. United States,* 338 F.2d at 768, quoting *Dodson v. United States,* 23 F.2d at 403.[11] Accordingly, we REVERSE Dilg's conviction and REMAND for a new trial.

---

11. *Cf. Babson v. United States,* 330 F.2d 662 (9th Cir.), *cert. denied,* 377 U.S. 993, 84 S.Ct. 1920, 12 L.Ed.2d 1045 (1964) (instruction given immediately prior to closing arguments did not constitute reversible error where the instruction had been given once during the trial and the instruction at most was premature by a few hours).