**UNITED STATES of America, Appellee,**

v.

**Jorge Humberto VELEZ–VASQUEZ, Defendant,**

**Sergio Eulogio Londono, Defendant–Appellant.**

**No. 1350, Docket 96–1554.**

United States Court of Appeals, Second Circuit.

Argued May 5, 1997.

Decided June 19, 1997.

Alan R. Kaufman, New York City (Buchwald & Kaufman, New York City, James M. Keneally, of counsel), for Defendant–Appellant.

Zachary W. Carter, United States Attorney, Eastern District of New York (David Hennessy, Assistant United States Attorney, of counsel), for Appellee.

Before: FEINBERG, OAKES, and LEVAL, Circuit Judges.

LEVAL, Circuit Judge:

Following a jury trial in the United States District Court for the Eastern District of New York before Chief Judge Charles P. Sifton, Sergio Eulogio Londono was convicted of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced under 21 U.S.C. §§ 846 and 841(b)(1)(A) to 121 months imprisonment. Londono appeals from his conviction and sentence on various grounds, all but one of which are addressed in a summary order issued simultaneously with this opinion. *See United States v. Londono* No. 96–1554, Summary Order. Here we consider whether Londono is entitled to a new trial because in the instructions to the jury at the close of the evidence Judge Sifton did not mention the presumption of innocence. Because trial counsel made no objection to the judge's charge, we review only for plain error. *See* Fed.R.Crim.P. 30, 52(b). On review of all the circumstances, including the judge's instruction on the presumption during jury selection, and his full and careful instructions in the final charge on the prosecution's burden to prove guilt beyond a reasonable doubt and the jurors' obligation to decide the case solely on the basis of the legal evidence presented, we conclude that the defendant has failed to show plain error and affirm his conviction.

## Background

Londono's trial lasted three and a half days. At the start of jury selection, Chief Judge Sifton gave the following instructions to the venire from which the jury was drawn:

> Now, the defendant Mr. Londono is here because of an accusation that has been made against him in a document called an indictment. An indictment is simply a statement of accusation.
>
> . . . .
>
> . . . .
>
> ... [T]he defendant, any defendant accused of a crime in this country is presumed to be innocent of the accusation unless and until his guilt is proved by evidence introduced in the court beyond a reasonable doubt. . . .
>
> . . . .
>
> ... [T]he rule we all operate under and that this trial will proceed under is that a defendant does not have to prove his or her innocence. He need not submit any evidence at all. He need not testify. The burden is always on the prosecutor to prove the accusation and to prove it beyond a reasonable doubt.

After the trial jurors had been selected and sworn in, Judge Sifton reiterated that "the prosecutor has the burden of proof. And that means the burden of establishing each one of these essential factual elements and establishing it beyond a reasonable doubt." Outlining how the trial would proceed, he cautioned the jury that "lawyers are not witnesses," and their statements "are not part of the evidence in the case." He explained that

> the defendant has an opportunity to present evidence himself but it's an opportunity, it's not an obligation, the burden of proof is with the prosecution. So that as I said earlier the defendant need not present any evidence, need not testify and that's his right under our procedural rules. That right means that if a defendant chooses not to present any evidence or chooses not to

testify, you can't use that as if it were evidence to reach a conclusion in the case.

In addition, the judge instructed that

you simply must not draw any conclusions should a defendant not present evidence, not testify, present proof, because if you did, that would be depriving the defendant of the right that we all enjoy of insisting when the government is accusing somebody of having done something wrong, that they will prove it with the resources we give them to prove it.... The burden is always on the prosecution whether a defendant introduces evidence or not.

Finally, at the end of the trial, Judge Sifton charged that "you're to decide the case solely on the basis of the evidence that's been placed before you during the course of the trial." Admonishing that "you may not allow personal feelings that you may well have about drugs or drug trafficking, in general or in particular, to enter into your thinking about the case," he told the jury to decide the case "based on reason and common sense applied to evidence," and that

[u]nless using reason and common sense you're able to find beyond a reasonable doubt that the defendant committed the crime with which he's charged, then you must find him not guilty. You must do this, let me caution you, even if you believe he may have done something else wrong; that is, something that's not charged in the indictment or even if you believe he associated inappropriately with other people who were guilty of wrongdoing.

He again cautioned that "under our criminal justice system, the burden of proving [the indictment's] charges was ... placed on and remains on the prosecution; that is, the burden of proving the defendant's guilt beyond a reasonable doubt," which he defined as "the kind of doubt that is sufficient to cause a prudent person to hesitate to act in an important affair of his or her own life." The judge reminded the jury that the defendant "has that right not to testify and it would be to deprive him of that legal right if you were to use the fact that he did not testify as a basis on which to draw any inference at all," and cautioned again that an indictment "is simply an accusation in writing. It's not evidence of guilt. It's entitled to no weight in deciding the facts of the case." Neither the prosecutor nor defense counsel objected to the judge's instructions.

*Discussion*

Londono contends that the judge's failure to instruct on the presumption of innocence after the swearing of the jury requires reversal of his conviction. First, he claims there is a *per se* rule requiring reversal. He further asserts that, in the particular circumstances of this case, the omission deprived him of a fair trial. We reject both arguments.

■ Because no objection was made to the instructions Judge Sifton gave the jury, we review his charge only for "plain error." *United States v. Reese*, 33 F.3d 166, 172 (2d Cir.1994), *cert. denied*, 513 U.S. 1092, 115 S.Ct. 756, 130 L.Ed.2d 655 (1995); *see* Fed. R.Crim.P. 30, 52(b). Londono argues that the government's submission of a proposed final jury charge that included a request for an instruction on the presumption of innocence preserved the issue for ordinary appellate review. Even assuming a request by the prosecutor preserves the issue for a defendant's appeal, we have held that "requested instructions do not substitute for specific objections to the court's instructions." *United States v. Locascio*, 6 F.3d 924, 942 (2d Cir. 1993), *cert. denied*, 511 U.S. 1070, 114 S.Ct. 1646, 128 L.Ed.2d 365 (1994). Neither trial counsel objected to the charge as given, thus depriving Judge Sifton of the opportunity to make what would have been a simple correction at the time. As a result, we review his instructions under the plain error standard.

To reverse for plain error, we must find not only an obvious error, but one that affected the appellant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993). While the contours of this concept have never been drawn with precision, in most cases it requires error that prejudiced the trial's outcome. *Id.*, 507 U.S. at 734–36, 113 S.Ct. at 1778; *United States v. Gonzalez*, 110 F.3d 936, 946 (2d Cir.1997). Londono cannot make the required showing of prejudice.

■ As to Londono's contention that reversal is required by a *per se* rule, it has sometimes been suggested that a trial judge's *refusal* to instruct on the presumption of innocence warrants reversal. *See Taylor v. Kentucky,* 436 U.S. 478, 491, 98 S.Ct. 1930, 1937, 56 L.Ed.2d 468 (1978) (Stevens, *J.,* dissenting) ("[I]n a federal court it is reversible error to refuse a request for a proper instruction on the presumption of innocence.") (citing *Coffin v. United States,* 156 U.S. 432, 460–61, 15 S.Ct. 394, 405, 39 L.Ed. 481 (1895)); *United States v. Dilg,* 700 F.2d 620, 624 (11th Cir.1983) ("A long-standing principle of federal jurisprudence is that a total failure to charge on the presumption of innocence accompanied by a defendant's objection to such failure requires reversal of a conviction and remand for trial without further inquiry".). At Londono's trial, however, there was no refusal to charge on the presumption. The failure to instruct on the presumption was simply an oversight, and the oversight was not called to the judge's attention so that he might correct it. At least absent objection, there is no *per se* rule requiring reversal for failure to include the presumption in the final instructions to the jury without consideration of how that failure affected the trial.

■ Londono also argues that omitting explicit reference to the presumption from the final charge deprived him of a fair trial. We ordinarily consider the effect of faulty jury instructions in context of the entire trial. *Reese,* 33 F.3d at 171. Determining whether a state trial court's failure to charge the presumption of innocence deprived the defendant of a constitutionally fair trial, the Supreme Court evaluated the failure "in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors." *Kentucky v. Whorton,* 441 U.S. 786, 789, 99 S.Ct. 2088, 2090, 60 L.Ed.2d 640 (1979). Viewed in context, Judge Sifton's failure to mention the presumption in his final charge did not significantly undermine his otherwise scrupulous instructions to the jury and did not prejudice Londono's trial.

■ As the Supreme Court has explained, the concept that a defendant is presumed innocent until proven guilty is not logically distinct from the rule that a defendant may be convicted only if the prosecution meets its burden of proving guilt beyond a reasonable doubt. *Taylor,* 436 U.S. at 484, 98 S.Ct. at 1934. The Court stressed, however, that although the words "presumption of innocence" may not be constitutionally mandated, 436 U.S. at 485, 98 S.Ct. at 1935, an instruction on reasonable doubt does not, in and of itself, substitute for all the elements contained in a proper charge on the presumption, 436 U.S. at 486, 98 S.Ct. at 1935. That is because the instruction on the presumption of innocence has an additional function. It "cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced." 436 U.S. at 485, 98 S.Ct. at 1934 (quoting 9 J. Wigmore, Evidence 407 (3d ed.1940)). Thus the purpose of an instruction on the presumption is twofold: it reinforces jurors' understanding that the burden of proof is on the government and a defendant need offer no evidence of innocence in order to be acquitted, *and* it cautions the jury to consider only the legal evidence presented in deciding whether the government has carried its burden.

Judge Sifton's instructions, considered as a whole, adequately communicated these ideas to the jury. In the first place, the judge did instruct on the presumption at the start of jury selection. Londono argues that instructions given before the jury is sworn are "of no legal moment," a conclusion he attributes to the Eleventh Circuit's opinion in *United States v. Dilg,* 700 F.2d 620 (11th Cir.1983). In that case, the court found that a failure to charge on the presumption immediately prior to deliberation was reversible error, even though the trial judge had instructed on the presumption before the jury was impaneled. Apart from the fact that *Dilg* was not a decision of this circuit, its circumstances were fundamentally different in that counsel objected to the court's omission and the court refused to cure it. Thus the *Dilg* opinion expressly noted that the appellant did not have to show that the omission rose to the

level of plain error, as required here. *Id.* at 623; *See United States v. Payne*, 944 F.2d 1458, 1468 (9th Cir.1991), *cert. denied*, 503 U.S. 975, 112 S.Ct. 1598, 118 L.Ed.2d 313 (1992) (rejecting a bright-line rule that instructing on the presumption of innocence prior to jury impanelment but not afterwards constitutes plain error).

Besides charging explicitly on the presumption during jury selection, Judge Sifton's instructions as a whole thoroughly covered the principles of justice expressed by the conventional charge on the presumption of innocence. On the requirement of proof beyond a reasonable doubt, he explained at length and repeatedly that the government at all times bore the burden of proof beyond a reasonable doubt. He provided a definition of reasonable doubt and explained that a defendant need not testify or present evidence because he has a "right that we all enjoy of insisting when the government is accusing somebody of having done something wrong, that they will prove it." The judge also impressed upon the jurors their obligation to consider only legal evidence in deciding Londono's case. Both in his final charge and at the start of trial, he cautioned the jury that an indictment is not evidence, but only an accusation. In addition, his final charge included an admonition to "decide the case solely on the basis of the evidence that's been placed before you during the course of the trial," and specific warnings not to be influenced by personal feelings about drugs or general impressions of wrongdoing. The jury was thus well informed of the aspects of criminal justice usually conveyed through an instruction on the presumption of innocence. *Cf. United States v. Solomon*, 856 F.2d 1572, 1576–77 (11th Cir.1988), *cert. denied*, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989) (finding no plain error where the court failed to instruct on the presumption before deliberations, but had done so shortly after the jury was sworn, and where the court's final charge gave extensive instructions on reasonable doubt and burden of proof and cautioned the jury to base its verdict only on the evidence).

Londono contends that because the evidence against him was weak, explicit mention of the presumption in the final charge was necessary. We disagree, first of all, that the government's case was a particularly weak one. (In the summary order filed with this opinion, we address Londono's claim that the evidence was insufficient.) Nevertheless, assuming for the sake of argument that the government presented only barely sufficient evidence, Judge Sifton's instructions were adequate to protect Londono's right to a fair trial.

We are mindful of the Supreme Court's admonition that a charge on the presumption is a "safeguard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt." *Taylor*, 436 U.S. at 486, 98 S.Ct. at 1935. Nevertheless, where the trial judge's instructions thoroughly and specifically articulated the principles underlying the presumption, and where the judge expressly instructed on the presumption during jury selection, its omission from the final charge in the absence of objection did not constitute plain error.

*Conclusion*

The judgment of the district court is affirmed.