UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert W. KENNINGTON,
Defendant-Appellant.

No. 80–7521
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

June 15, 1981.

Robert W. Kennington, pro se.

Harold P. Knight (Court-appointed), Birmingham, Ala., for defendant-appellant.

J. R. Brooks, U.S. Atty., Bill L. Barnett, Holly Wiseman, Asst. U.S. Attys., Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant Robert W. Kennington, upon conviction of conspiracy to violate 21 U.S.C. § 841(a)(1), received a sentence of ten years.[1] After this court affirmed the conviction, appellant filed in district court a motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35, alleging that the trial court erroneously sentenced him under 21 U.S.C. § 846 (which provides for a maximum sentence of fifteen years), although the indictment charged a violation of 18 U.S.C. § 371 (which provides a maximum sentence of five years).[2] Finding that appellant had demonstrated no prejudice from any error in the indictment, the district court denied the Rule 35 motion. We agree and affirm.

Rule 7(c)(3), Fed.R.Crim.P., expressly provides that an error in the citation of a statute does not invalidate an indictment unless the error misleads the defendant to his prejudice. *See Theriault v. United States*, 434 F.2d 212 (5th Cir. 1970), *cert. denied*, 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971); *Georges v. United States*, 262 F.2d 426 (5th Cir. 1959); *Enzor v. United States*, 262 F.2d 172 (5th Cir.

---

1. The sentence was later reduced to nine years.

2. The original order of commitment stated that appellant received a ten-year sentence under 18 U.S.C. § 371. One month later, the trial court amended the order to reflect that the sentence was imposed under 21 U.S.C. § 846.

1958), *cert. denied,* 359 U.S. 953, 79 S.Ct. 740, 3 L.Ed.2d 761 (1959). Appellant contends that the citation in the indictment to 18 U.S.C. § 371 (the general conspiracy statute) led him to believe that he was subject to a maximum five-year sentence, and thereby influenced his decision to plead not guilty. We cannot accept this argument. Examination of this indictment reveals that although the caption refers to the general conspiracy statute, the body of the indictment charged appellant with conspiracy to violate federal narcotics laws. In pertinent part, the indictment charged that appellant:

> wilfully and knowingly did combine, conspire, confederate and agree together ... with divers other persons, to commit an offense against the United States, that is, to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a Schedule I controlled substance, to wit: heroin, in violation of Title 21, United States Code, Section 841(a)(1).

This court has held:

> The statute on which an indictment is founded is to be determined from the facts charged in the indictment, and the facts pleaded may bring the offense within one statute, although another statute is referred to in the indictment.

*Enzor, supra,* at 174.

The indictment in this case expressly charged conspiracy to violate 21 U.S.C. § 841(a)(1), a provision of the Comprehensive Drug Abuse Prevention and Control Act of 1970. Section 846 of this Title provides that conspiracy to commit an offense defined in the Act is punishable to the same degree as the offense which was the object of the conspiracy. Notwithstanding the reference to 18 U.S.C. § 371 in the caption, the allegations of the indictment clearly put appellant on notice of the sentencing provisions applicable to 21 U.S.C. § 846. We conclude that appellant suffered no prejudice as a result of any miscitation in the indictment.

 Kennington also received a special parole term of three years to begin upon completion of his prison sentence. We note *sua sponte,* that since the imposition of sentence in this case, the Supreme Court has held that it is improper for a court to sentence a defendant found guilty under 21 U.S.C. § 846 to a special parole term. *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). Accordingly, the district court, following the issuance of the mandate, must amend appellant's sentence to delete the special parole term.

AFFIRMED with instruction.