UNITED STATES of America

v.

Sam DRAINE.

Crim. No. 85–00178.

United States District Court,
S.D. Alabama, S.D.

May 6, 1986.

J.B. Sessions, III, U.S. Atty., Gloria A. Bedwell, Asst. U.S. Atty., Mobile, Ala., for plaintiff.

W.A. Kimbrough, Jr., Mobile, Ala., for defendant.

## ORDER

HAND, Chief Judge.

The Court is called upon at this juncture to resolve a procedural quagmire pertaining to the respective claims of the Government, the defendant and the defendant's attorney, W. A. Kimbrough, to $11,400.00 in currency seized on December 3, 1984 pursuant to a state court authorized search warrant executed at 963 Gorgas Street, the defendant's residence. The Government's position is that these funds are forfeitable property under the criminal forfeiture provisions of 21 U.S.C. § 853 which provides that title vests in the United States upon the commission of the act giving rise to the forfeiture and that the Government's interest in the funds clearly pre-dates that claimed by the defendant's attorney. The apparently alternative positions taken by the defendant and Mr. Kimbrough include the assertions that: 1) the Government

abandoned its claim to the $11,400.00 by first permitting the State of Alabama to proceed against the funds in a civil forfeiture action and then interceding with its claim only when "it was learned that the State intended to abandon the money to the claimant and his attorney"; and 2) the forfeiture provisions of 21 U.S.C. § 853 were found unconstitutional in *United States v. Crozier*, 777 F.2d 1376 (9th Cir.1985).

■ The Court first finds that Mr. Kimbrough, in the capacity of a third-party claimant, lacks standing to contest the forfeiture of the $11,400.00 seized in this action. Under Eleventh Circuit law, as set forth in *United States v. $500,000.00*, 730 F.2d 1437 (11th Cir.1984):

A party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture. *United States v. $364,960.00 in Currency*, 661 F.2d 319, 326 (5th Cir. Unit B 1981); see also, *United States v. Currency Totaling $48,318.08*, 609 F.2d 210, 213–14 (5th Cir.1980). One must claim an ownership or possessory interest in the property seized. *United States v. $15,000.00*, 558 F.2d 1359, 1361 (9th Cir.1977). The burden of establishing standing in forfeiture proceedings is on the claimant. See *United States v. $364,960.00*, 661 F.2d at 326.

730 F.2d at 1439. See also, *United States v. $4,255,000.00*, 762 F.2d 895, 907 (11th Cir.1985).[1] Mr. Kimbrough has failed to demonstrate the requisite "ownership or possessory interest" in the $11,400.00 seized from the defendant's residence on December 3, 1984. The Court, therefore, will address those assertions which on the surface appear to be raised only by Mr. Kimbrough in his individual capacity as

1. While the Court recognizes that these cases address standing in the context of civil forfeiture, the Court concludes that the principles

assertions raised on behalf of the defendant, Sam Draine.[2]

■ The Court finds the defendant's assertion that the Government has abandoned its claim to the seized currency to be without merit. It is true that, in *United States v. $8,850.00,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), the Supreme Court held that the test developed in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) to determine when government delay has abridged the Sixth Amendment right to a speedy trial "provides an appropriate framework for determining whether [a delay between the seizure of property and the initiation of forfeiture proceedings] violated the due process right to be heard at a meaningful time." 461 U.S. at 564, 103 S.Ct. at 2012. The Supreme Court set forth the *Barker* test as follows:

> The Barker test involves a weighing of four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

461 U.S. at 564, 103 S.Ct. at 2012. The Supreme Court emphasized, however, that "due process is flexible and calls for such procedural protections as the particular situation demands." 461 U.S. at 564, 103 S.Ct. at 2012, quoting *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). The Supreme Court further stressed that:

> In applying the Barker balancing test ..., the overarching factor is the length of the delay. As we said in Barker, the length of the delay "is to some extent a triggering mechanism." Ibid. Little can

be said on when a delay becomes presumptively improper, for the determination necessarily depends on the facts of the particular case. Our inquiry is the constitutional one of due process; we are not establishing a statute of limitations.

461 U.S. at 565, 103 S.Ct at 2012. The Supreme Court then concluded that based on the facts presented, an eighteen month delay between the seizure of the currency by the United States Customs officials and filing civil forfeiture proceedings did not violate the claimant's rights to due process of law. 461 U.S. at 569, 103 S.Ct. at 2014.

As applied to the case at bar, the Court finds that, with respect to the activities of the United States Attorney relative to the seized funds, the rights of the defendant to due process of law have not been violated. Although the defendant implies that the length of delay to be charged against the Government in this action encompasses a period between the December 3, 1984 seizure of the funds and the December 16, 1985 issuance of an ex parte protective order authorizing the United States Marshal to take possession of the funds, the Court finds no authority for the proposition that the time period during which the Mobile City law enforcement officials maintained custody of the seized funds must be imputed to the federal government.[3] While state and federal prosecutions of a defendant concurrently charged with violations of state and federal law may proceed simultaneously, neither governmental unit is required to so proceed. The United States Attorney properly obtained a federal indictment against the defendant, Sam Draine,

---

espoused are equally applicable in the context of criminal forfeiture.

2. The Court has reviewed the recent decision of the Eastern District Court of Virginia, *Reckmeyer, II v. United States,* 631 F.Supp. 1191 (E.D.Va.1986), but disagrees that "application of Section 853 to encompass bona fide attorney's fees would violate a defendant's Sixth Amendment right [to counsel]" in light of the availability of court appointed counsel pursuant to Rule 44 of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3006 and 3006A. This Court re-

mains unpersuaded that the Constitution guarantees a defendant the right to utilize the illgotten gains of criminal activity in order to obtain counsel of his choice.

3. In this regard, *United States v. $8,850.00,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), is factually distinguishable from the case at bar in that the $8,850.00 was seized by and in the custody of the United States Customs officials during the entire eighteen month period in question.

on December 6, 1985[4] and only then sought and obtained, on December 16, 1985, a protective order pursuant to the criminal forfeiture provisions of 21 U.S.C. §§ 848 and 853(c) directing the seized funds be maintained by the United States Marshal.[5] The fact that the Government could have sought a protective order "prior to the filing of such an indictment", 21 U.S.C. § 853(e), is irrelevant inasmuch as the Government was not required to do so. Accordingly, the Court concludes that the Government has not abandoned its claim to the seized currency, nor has it delayed in proceeding against the funds so as to deprive the defendant of due process.

■ In the alternative, the defendant urges the Court to consider "the case of *United States v. Crozier*, 777 F.2d 1376 (1985) ... wherein the forfeiture provisions of 21 U.S.C. § 853 were found unconstitutional." (Mr. Kimbrough's letter brief of April 16, 1986). Close scrutiny reveals, however, that under the particular facts of *Crozier*[6], the Ninth Circuit Court of Appeals specifically held only that:

> [W]e find 21 U.S.C. § 853(e)'s provisions for restraining orders or injunctions on the filing of an indictment, and the hearing provisions in 21 U.S.C. § 853(n) for those with third party interests, do not protect the rights of defendants and third parties.
>
> In the absence of valid procedural guidelines, we again hold that Rule 65 of the

Federal Rules of Civil Procedure governs the restraining order and that the district court erred in denying without a hearing the motions of Crozier and Wolke to dissolve the restraining order.

777 F.2d at 1384. Mindful of the Supreme Court's admonitions relative to the flexibility of procedural due process,[7] the Court concludes that the Ninth Circuit's opinion should be limited to its peculiar facts. This Court is not here presented with a delay in the nature of that which confronted the Ninth Circuit. In point of fact, any delay in this action has been occasioned by the defendant himself, in that on motions of the defendant, his criminal trial was first continued from its January 13, 1986 setting and then again continued from its March 10, 1986 setting. Consequently, defendant's criminal trial shall now proceed on May 19, 1986, little more than five months following the defendant's federal indictment and concomitant initiation of criminal forfeiture proceedings pursuant to 21 U.S.C. § 853. A blanket assertion that the failure of 21 U.S.C. § 853 to require a prompt post-seizure hearing must render the statute unconstitutional irrespective of the particular facts involved is clearly contrary to the concept of flexibility espoused by the Supreme Court.[8]

The Court also finds that such an indiscriminate assertion ignores the fact that the criminal forfeiture provisions of the Crime Control Act of 1984, 21 U.S.C. § 853,

---

**4.** The $11,400.00 in issue here is specifically identified in the indictment as property subject to forfeiture as proceeds of defendant's illegal activities.

**5.** On December 20, 1985, the Court directed the Government to deposit the $11,400.00 with the Clerk of the Court.

**6.** As distinguished from the case at bar, the case against the defendants in *Crozier, supra,* had been filed more than five years prior to the court's ruling and the Ninth Circuit postulated that the "trial and appeals may take several years more ... and parties with an interest in the property [who may not challenge a restraining order unless and until the defendant is convicted] may have no remedy for the lengthy and wrongful deprivation of their property." 777 F.2d at 1384.

**7.** See, *United States v. $8,850.00,* supra at n. 1, 461 U.S. at 564, 103 S.Ct. at 2012. Cf., *Schiffahrtsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. De Navegacion,* 732 F.2d 1543, 1546 (11th Cir.1984) in which the Eleventh Circuit held:

> [T]he most immutable characteristic of procedural due process is that it constantly changes. To impose specific procedures found essential in drastically different fact situations, as the lower court did, ignores the one precept that insulates procedural due process, like all other constitutional doctrines, from susceptibility to black letter law formulation.

732 F.2d at 1546.

**8.** See, e.g., *Schiffahrtsgesellschaft,* supra at n. 6.

were "designed to enhance the use of forfeiture, and in particular, the sanction of criminal forfeiture, as a law enforcement tool in combatting two of the most serious crime problems facing the country: racketeering and drug trafficking." S. Rep. No. 225, 98th Cong., 2d Sess. 191, reprinted in 1984 U.S. Code Cong. & Ad. News 3182, 3374. The criminal forfeiture provisions were intended to provide prosecutors the option to consolidate the forfeiture action with the criminal prosecution and thereby avoid being forced to prove the merits of the underlying criminal case in a separate civil proceeding against the defendant's property well in advance of trial in order to obtain an order restraining the defendant's transfer of property alleged to be forfeitable in the indictment. Id. at 196, reprinted in 1984 U.S. Code Cong. & Ad. News at 3379.[9]

The Court, cognizant of the above principles and the need to balance legislative intent with the defendant's Fifth Amendment right against deprivation of property without due process of law, concludes that the criminal forfeiture provisions of 21 U.S.C. § 853, as applied to the case at bar, do not violate procedural due process. The Government has satisfied the Court, as well as the grand jury, that probable cause exists to believe that if the defendant is convicted, the $11,400.00 seized from his residence on December 3, 1984 is subject to forfeiture. The defendant shall be given ample opportunity in his immediately forthcoming trial to rebut the presumption created by 21 U.S.C. § 853(d) that:

(1) such property was acquired by [the convicted defendant] during the period of the violation of this title or title III or within a reasonable time after such period; and

(2) there was no likely source for such property other than the violation of this title or title III.

21 U.S.C. § 853(d).[10] The Court intends, in the interests of justice, to conduct the de-fendant's forthcoming trial in a bifurcated manner as follows:

1. *GUILT PHASE:*

Evidence related to the forfeitability of the property set forth in the indictment shall be excluded from this phase of the trial. Based on the evidence presented with respect to the actual criminal violations charged in the indictment, the jury shall be called upon to determine whether the defendant, Sam Draine, is guilty "beyond a reasonable doubt."

2. *FORFEITURE PHASE:*

If, and only if, the jury should find the defendant, Sam Draine, guilty of the crimes charged in the indictment, the government shall be permitted to present to this same jury evidence related to the forfeitability of the property set forth in the indictment as delineated in 21 U.S.C. § 853(d). The defendant shall then be permitted to present rebuttal evidence on the issue of forfeitability. The jury shall then be called upon to determine:

a. Whether the government has established "by a preponderance of the evidence" that the property is subject to forfeiture; or

b. Whether the defendant, Sam Draine, has rebutted the presumption created by 21 U.S.C. § 853(d) in that he has satisfied the jury that the property was acquired before the period of the violation or that the likely source for the property was other than the violation for which he has been found guilty.

See, Rule 31(e) of the Federal Rules of Criminal Procedure.

It is so ORDERED.

---

9. See also, 21 U.S.C. § 853(*o*) which provides: "The provisions of this section shall be liberally construed to effectuate its remedial purposes."

10. The Government must, in any event, prove the elements of 21 U.S.C. § 853(d) "by a preponderance of the evidence."