UNITED STATES of America,
Plaintiff–Appellee,

v.

Edwin ELGERSMA,
Defendant–Appellant.

Nos. 89–3926, 89–3934.

United States Court of Appeals,
Eleventh Circuit.

April 29, 1991.

Lawrence E. Besser, Miami, Fla., for defendant-appellant.

Joseph K. Ruddy, Patricia A. Kerwin, Asst. U.S. Attys., Tampa, Fla., for plaintiff-appellee.

Before KRAVITCH and ANDERSON, Circuit Judges, and ATKINS *, Senior District Judge.

KRAVITCH, Circuit Judge:

The proper burden of proof in a forfeiture action following a conviction on drug

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

**1540**

and continuing criminal enterprise violations is the principal issue of this appeal. Appellant argues that criminal forfeiture, as any criminal charge, must be proven beyond a reasonable doubt. The government contends that a preponderance of the evidence standard suffices. We agree with appellant, but affirm the convictions.

## I—BACKGROUND

Appellant was one of several codefendants charged with various drug trafficking offenses, including shipping cocaine into the United States. He also was charged with engaging in a continuing criminal enterprise and with criminal forfeiture to secure his residence in Marathon, Florida, land in Florida and Montana, a cashier's check and a coin collection. After the government brought a superseding indictment and later amended it to correct citations, a jury trial was held. Five days into the trial appellant moved to dismiss the continuing criminal enterprise count on the ground that the indictment failed to aver the essential elements of the offense. The trial court denied the motion. The jury found appellant guilty on thirteen counts. A separate forfeiture proceeding then was held before the same jury, which found some of defendant's interests forfeitable. The court entered an order of forfeiture and sentenced appellant to 365 months in prison. Appellant raises three issues on appeal.

## II—SUPERSEDING INDICTMENT

■ Under Fed.R.Crim.P. 7(c)(1), each count of an indictment must state the citation of the statute defendant allegedly violated; an error in citation is not grounds for dismissal, however, unless the defen-

dant was prejudiced by the error.[1] A main purpose of the requirement of an accurate indictment, under both Rule 7 and the fifth amendment, is to allow the defendant to prepare an adequate defense. *United States v. Peel*, 837 F.2d 975, 977 (11th Cir.1988); *United States v. Chatham*, 677 F.2d 800, 803, *reh'g denied*, 685 F.2d 1389 (11th Cir.1982). We consistently have held that if the indictment sets out the elements of an offense, a defendant is not prejudiced under Rule 7 by the citation of the wrong statutory section for that offense. *Chatham*, 677 F.2d at 803; *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir.1981); *United States v. Kennington*, 650 F.2d 544, 545–46 (5th Cir. Unit B 1981);[2] *Enzor v. United States*, 262 F.2d 172, 174 (5th Cir.1958), *cert. denied*, 359 U.S. 953, 79 S.Ct. 740, 3 L.Ed.2d 761 (1959).[3] The denial of a motion to dismiss is an issue of law that we review independently on appeal.

In the present case, Count I of the superseding indictment read in part:

> [T]he defendants ... did willfully, knowingly and intentionally engage in a continuing criminal enterprise by violating, on three occasions or more, various felony provisions of the Controlled Substances Act ... in concert with at least five other persons, with respect to whom defendants, occupied positions of organizer, supervisor or manager, and from which continuing series of violations the defendants obtained substantial income and resources.... All in violation of Title 21, United States Code, Sections 848(b)(1) and (b)(2)(A).

The language in this count tracks the language of the substantive requirements for a continuing criminal enterprise violation, which appears in 21 U.S.C. § 848(c).[4]

---

**1.** "Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice." Fed.R. Crim.P. 7(c)(3).

**2.** The Eleventh Circuit, in *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982), adopted as precedent decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981.

**3.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**4.** 21 U.S.C. § 848(c) reads:

For purposes of subsection (a) of this section [penalties and forfeitures provision], a person is engaged in a continuing criminal enterprise if—

The government erred in drafting Count I by citing 21 U.S.C. § 848(b)(1) and (b)(2)(A) instead, which deals solely with special conditions for life imprisonment for a continuing criminal enterprise violation.[5] The defendant moved to dismiss Count I during the trial.[6] The government conceded that it had not sufficiently pled the elements necessary for life in prison under section 848(b), but that the charges nonetheless made out the substantive continuing criminal enterprise offense, which appears in section 848(c) and is subject to the general sentencing provisions of section 848(a). The district court denied the defendant's motion and allowed the case to proceed as a basic continuing criminal enterprise charge without the prospect of ruling on the life imprisonment provisions of section 848(b). The court found the indictment's citation of section 848(b) instead of section 848(c) and section 848(a) to be harmless error under Fed.R.Crim.P. 7(c)(3) because the error did not mislead the defendant to defendant's prejudice.

The denial of the motion was proper because the defendant was not prejudiced. The defendant had to defend against the substantive charges of continuing criminal enterprise, regardless of whether the special life imprisonment section was a component of the indictment. In addition, the language of Count I tracked that of section 848(c) and gave the defense notice of the government's arguments and proof. In fact, the task of the defense was made easier, not more difficult, when the life imprisonment section 848(b) dropped out of the case. It is difficult to imagine how altering the indictment to eliminate an enhanced sentencing provision would actually prejudice the defendant, rather than aid him, even if it occurred in the middle of the trial.

Appellant argues that by focusing his defense on the section 848(b) elements, he was prejudiced by wasting time on aspects that were later stricken from the case and may have misled the jury; this focus forced him to admit elements of the case he would not have otherwise conceded.[7] However, the requirements of section 848(b) and section 848(c) do not greatly differ for the purpose of preparing an overall defense.[8] In this case the charged offenses did not require the defense to address elements significantly different from the of-

---

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

21 U.S.C. § 848(c).

5. *See* 21 U.S.C. § 848(b) (sentence of life in prison if person in continuing criminal enterprise "is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders" and the violation involved a minimum amount of a controlled substance).

6. Fed.R.Crim.P. 12(b)(2) allows a party to object to defects in the indictment that fail to charge an offense at any time during the pendency of proceedings.

7. Appellant claims that his concession in an opening statement that he was guilty of some offenses was designed to deflect the § 848(b) charge and make out a defense based on government "overkill." Appellant brief at 24.

8. Section 848(c) requires that a defendant occupy a position of "organizer, a supervisory position, or any other position of management" while § 848(b) requires that a defendant be "the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders...." We cannot say that additional effort spent preparing a defense against the § 848(b) charge would detract from a preparation of a defense against a § 848(c) charge. In fact, the leadership component of each of the two subsections appears from the language to be nearly identical. Note that neither provision requires that the defendant be the exclusive leader of the enterprise, but merely a leader.

The second element of the § 848(b) charge is the requirement of a minimum amount of controlled substance. *See* 21 U.S.C. § 848(b)(2)(A). The government never alleged the factual basis for this element, and it required no additional effort on the part of the defense. Taken together, whatever additional preparation was required for a § 848(b) defense could not have prejudiced the § 848(c) defense.

fenses that were submitted to the jury. The difference between the wording of Count I and what was substantively charged and proved was minimal. Thus, any concessions by the defense were not compelled · by the faulty citations in the indictment. The defense was not prejudiced by the miscitation because appellant had full notice of the elements of the offense charged and it does not point to defenses that would have been available had the citation in the superseding indictment been correct. *See Chatham,* 677 F.2d at 803.

Therefore, we find the denial of the motion to dismiss Count I proper.[9]

## III—BURDEN OF PROOF

■ The superseding indictment set out alleged violations of the criminal forfeiture statute, 21 U.S.C. § 853, in a separate section entitled "Forfeitures," which followed the sixteen drug trafficking and continuing criminal enterprise counts. In this section of the indictment, the government identified six items eligible for forfeiture.[10] The forfeiture proceeding was held after the drug trafficking and continuing criminal enterprise convictions but on the same day and before the same jury. The court charged the jury that it could presume certain property was subject to forfeiture if the government showed by a preponderance of the evidence that the defendant acquired such property during or near the time period of the narcotics violations and that there was no likely source for the property other than those violations, unless evidence to the contrary outweighed the presumption.[11] The district court then defined ·preponderance of the evidence. It next instructed the jury to return guilty verdicts on a special verdict form if it found that the government had established that the stated property constituted proceeds obtained from the narcotics violations or was a source of control over the criminal enterprise.[12] Appellant contends that the forfeiture statute requires an instruction that the government must prove elements of forfeiture beyond a reasonable doubt, which the trial court failed to give. Appellant argues this omission was plain error. We review the district court instruction for plain error under Fed.R.Crim.P. 52(b) because appellant did not object to the instruction.[13]

---

**9.** We emphasize that we do not condone careless drafting. Occasional errors can occur in any case, but the government's case from start to finish was riddled with errors. First, a trial court order allowed the government to amend the superseding indictment to substitute § 963 for the incorrectly cited §§ 952, 953 and to strike a sentence from Count XII. Appellant then moved to dismiss Count I based on the faulty citations to 21 U.S.C. § 848(b)(1) and (b)(2)(A). In its response to the motion, the government stated that Count I made out an offense of continuing criminal enterprise under § 848, without specifying a subsection. Next, the district court in its order denying the motion stated that the offense actually intended was ·contained in § "848(a)(c)," which is not correct either. The offense charged deals with the substantive elements of § 848(c), which in turn relates to the penalty and forfeiture provisions of § 848(a). Traditional statutory citation would indicate that these subsections should be cited separately, or at least separated by some sort of punctuation. The designation "848(a)(c)" survived in the appellate briefs of both parties, along with fresh miscitations by the government · of the statutory sections that were the basis of the appeal. *See* Appellee's Addendum to Correct Miscitations. Such errors detract from the administration of justice, and we encourage the parties to document their papers more carefully.

**10.** The six items were:
1) land and residence in Marathon, Florida
2) land in Monroe County, Florida
3) land in Lincoln County, Montana
4) other land in Lincoln County, Montana
5) a cashier's check for $73,200
6) U.S. currency and coins.

**11.** This tracks the language of 21 U.S.C. § 853(d), discussed *infra.*

**12.** These are the requirements contained in 21 U.S.C. § 853(a), discussed *infra.*

**13.** This is the standard of review urged by both parties. Appellant's lawyer did object somewhat to the jury instruction, although in an equivocal fashion. He apparently believed the forfeiture proceeding was a civil rather than criminal proceeding, and upon being corrected by the court he stated that criminal proceedings "have always required that the standard of evidence be beyond and to the exclusion of every reasonable doubt." When the court had requested objections to the jury instruction earlier, however, appellant's lawyer had failed to

The criminal forfeiture statute at issue, 21 U.S.C. § 853, was part of the Comprehensive Crime Control Act of 1984, which amended existing racketeering and continuing criminal enterprise statutes. Unfortunately, the relevant provisions of the statute do not state the burden of proof that is required:

### § 853. Criminal forfeitures

**(a) Property subject to criminal forfeiture**

Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

(3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

. . . .

**(j) Applicability of civil forfeiture provisions**

Except to the extent that they are inconsistent with the provisions of this section, the provisions of section 881(d) of this title shall apply to a criminal forfeiture under this section.

. . . .

**(*o*) Construction**

The provisions of this section shall be liberally construed to effectuate its remedial purposes.

The government argues that the burden of proof should be determined by the express provision of section 853(d):

**(d) Rebuttable presumption**

There is a rebuttable presumption at trial that any property of a person convicted of a felony under this subchapter or subchapter II of this chapter is subject to forfeiture under this section if the United States establishes by a preponderance of the evidence that—

(1) such property was acquired by such person during the period of the violation of this subchapter or subchapter II of this chapter or within a reasonable time after such period; and

(2) there was no likely source for such property other than the violation of this subchapter or subchapter II of this chapter.

Although section 853(d) may be clear enough standing alone, the statute does not state how it meshes with the requirements of section 853(a) and what standard of proof the jury should apply to each subsection. Appellant argues that although a preponderance standard may be appropriate for the presumption of section 853(d), the government must still prove the ultimate issue of forfeiture under section 853(a) beyond a reasonable doubt. Appellee responds that a preponderance standard applies because section 853(d) approves it and because forfeiture is an element of sentencing rather than a substantive criminal offense.

Before embarking on an analysis of the provision, we note that our task is one of statutory construction. The exact issue before the court is the burden of proof applicable at a post-conviction forfeiture proceeding of a criminal defendant under sec-

raise any, and he concedes that plain error is the proper standard of review.

tion 853. We need not decide questions of pre-conviction forfeiture, which are contained in section 853(e) and have their own procedures and policies that accompany a temporary seizure pending trial. Nor are we determining the burden applicable to third parties affected by forfeiture, which is provided for in an ancillary proceeding governed by section 853(c) and (n). Finally, we are not deciding a question of civil forfeiture, which involves an in rem action against the property rather than an in personam action against the defendant, except insofar as section 853(j), *supra*, makes it applicable. Cases in these three areas may shed light on the issue before us, but we only decide the burden applicable to a section 853 proceeding held after a defendant has been convicted on the applicable substantive counts.

The Supreme Court has examined section 853 in two related cases addressing the sixth amendment, but neither addressed the question of the proper burden of proof. *Caplin & Drysdale v. United States*, 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989); *United States v. Monsanto*, 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989).[14] The section 853 decisions of the Eleventh Circuit are only slightly more enlightening. Two appellate decisions merely mention the application of the reasonable doubt standard to section 853 proceedings. *United States v. Jefferies*, 908 F.2d 1520, 1528–29 (11th Cir.1990) (plea agreement pursuant to criminal and civil forfeiture), *reh'g denied*, 1990 WL 106566 (Oct. 4, 1990); *United States v. Rivera*, 884 F.2d 544, 546 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1322, 108 L.Ed.2d 497 (1990). One district court, in its description of the proper procedure for forfeiture, included the section 853(d) standard of preponderance but did not mention any further instruction on beyond a reasonable

doubt. *United States v. Draine*, 637 F.Supp. 482, 486 (S.D.Ala.1986).

Prior to the enactment of section 853, criminal forfeiture was relatively rare. Only one decision in this circuit decided before its enactment appears to bear upon the issue at hand. *See United States v. Garrett*, 727 F.2d 1003 (11th Cir.1984), *aff'd*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). In *Garrett*, appellants had been convicted of federal narcotics violations and continuing criminal enterprise and claimed they had a right to a jury trial at a subsequent forfeiture proceeding under 21 U.S.C. § 848, the continuing criminal enterprise statute containing the predecessor to the current forfeiture statute. After stating that forfeiture under section 848 "is plainly a criminal, as opposed to civil, matter" the court held that "under the Sixth Amendment, a criminal defendant is entitled to a jury trial on the issue whether a particular asset is forfeitable." *Id.* at 1012. In addition, the court cited Fed.R. Crim.P. 31(e), which requires that a jury decide criminal forfeitures by special verdict.[15] In a footnote, the court stated:

> Thus, we reject the government's distinction between the trial on the issue of guilt and subsequent determinations, and the government's characterization of the forfeiture as "essentially a matter of punishment" indistinguishable from ordinary sentencing.

*Id.* at 1012 n. 6.

After *Garrett* was decided, Congress amended the federal racketeering and drug trafficking laws to strip offenders of their economic power and to deter future violations by improving forfeiture procedures. A review of the legislative history only dimly indicates what the burden of proof should be. *See* S.Rep. No. 98–225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S. Code Cong. & Admin.News 3182, 3374–

---

**14.** In a footnote, the Court noted: "It would be particularly odd to recognize the Sixth Amendment as a defense to forfeiture, because forfeiture is a substantive charge in the indictment against the defendant." *Caplin & Drysdale*, 109 S.Ct. at 2654 n. 5. The Court also described without discussion the district court proceedings in which a jury found assets forfeitable

beyond a reasonable doubt. *Monsanto*, 109 S.Ct. at 2661 n. 4.

**15.** "If the indictment or the information alleges that an interest or property is subject to criminal forfeiture, a special verdict shall be returned as to the extent of the interest or property subject to forfeiture, if any." Fed.R.Crim.P. 31(e).

3404 (forfeiture section). The report noted that enhanced forfeiture was necessary because "the traditional criminal sanctions of fine and imprisonment are inadequate to deter or punish the enormously profitable trade in dangerous drugs...." *Id.* at 3374. In describing existing federal law, the report noted that criminal forfeiture must be specified in the indictment and decided by special verdict pursuant to Fed. R.Crim.P. 31(e), *supra,* and 32(b)(2).[16] *Id.* at 3376. The report twice stated that although the bill was intended to ease the use of criminal forfeiture by utilizing evidence presented at trial, civil forfeiture retained some advantages over criminal forfeiture, such as a lower burden of proof. *Id.* at 3379, 3393. It also discussed the portion of the bill that allows third parties to challenge forfeiture in a subsequent ancillary proceeding, which eventually became 21 U.S.C. § 853(n). In discussing the burdens of proof in such third party proceedings, the report stated: "Since the United States will have already proven its forfeiture allegations in the criminal case beyond a reasonable doubt, the burden of proof at the hearing will be on the third party." *Id.* at 3392. It is unclear from these references whether the burden of proof beyond a reasonable doubt in the criminal trial also should be applied in the criminal forfeiture proceeding following trial.[17]

Confusion arises from the presumption of forfeitability contained in section 853(d), to which the Senate report devoted a single page. *Id.* at 3395. The report did not discuss the burden of proof or the interaction of section 853(d) with the section 853(a) requirements. It stated that the purpose of the presumption was to address the difficulty of producing direct evidence that particular property was purchased with drug proceeds and stated that the presumption was permissive and rebuttable rather

than mandatory, which would make it constitutional (*citing Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)). *Id.* at 3395 & n. 54. In *Allen,* defendants had been convicted of illegal possession of handguns under a New York statute, which stated that the presence of a firearm in an automobile was presumptive evidence of its possession by all persons in that vehicle. *Allen,* 99 S.Ct. at 2217. Defendants claimed this presumption violated due process, but the Court disagreed and denied their habeas corpus petition. The Court pointed out that the trial judge instructed the jury not only on the statutory presumption, but also on the customary burden that the government prove its case beyond a reasonable doubt. *Id.* at 2227. It concluded that use of the presumption was constitutional. *Id.* at 2229–30. One court has noted that the Senate report's cite to *Allen* indicated a desire to retain the constitutional requirement of proof beyond a reasonable doubt overall in forfeiture, although the government is entitled to certain presumptions under a lower standard of proof as part of its case. *United States v. Pryba,* 674 F.Supp. 1518, 1520–21 (E.D.Va.1987), *aff'd,* 900 F.2d 748 (4th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 305, 112 L.Ed.2d 258 (1990). Another court has responded that the purpose of citing *Allen* was simply to identify permissive presumptions as constitutional, in contrast to mandatory ones, rather than to import the reasonable doubt standard from criminal trials into criminal forfeitures. *United States v. Hernandez-Escarsega,* 886 F.2d 1560, 1577 n. 10 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990). Because the Senate report contained only a bare citation to the case, its meaning is unclear.

---

**16.** Rule 32(b)(2): "Criminal Forfeiture. When a verdict contains a finding of property subject to a criminal forfeiture, the judgment of criminal forfeiture shall authorize the Attorney General to seize the interest or property subject to forfeiture, fixing such terms and conditions as the court shall deem proper."

**17.** Section 853 does not mandate that the forfeiture proceeding be separated from the criminal trial. Some courts have combined them, and some have bifurcated them. *See* E. Markus, *Procedural Implications of Forfeiture Under RICO, the CCE and the Comprehensive Forfeiture Act of 1984: Reforming the Trial Structure,* 59 Temple L.Q. 1097, 1106–07 (1986).

Thus, the legislative history itself is inconclusive. Three circuits have confronted the issue directly and all three have concluded that the government need only prove the elements of forfeiture by a preponderance of the evidence under section 853. *United States v. Herrero,* 893 F.2d 1512, 1541–42 (7th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 2623, 110 L.Ed.2d 644 (1990); *United States v. Hernandez–Escarsega,* 886 F.2d 1560 (9th Cir.1989); *United States v. Sandini,* 816 F.2d 869 (3d Cir.1987). Decisions on this question are not uniform, however, as several jurisdictions adhere, at least in dictum, to the beyond a reasonable doubt standard. *See United States v. Monsanto,* 852 F.2d 1400, 1412 n. 1 (2d Cir.1988) (Mahoney, J., dissenting) ("the requirement of proof beyond a reasonable doubt as to forfeitability of assets is the majority rule," but noting *Sandini* ), *rev'd on other grounds,* 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989); *United States v. Nichols,* 841 F.2d 1485, 1500 (10th Cir.1988) ("The government must prove a forfeiture allegation in an indictment in the same manner that it must prove any other allegation in an indictment."); *United States v. Dunn,* 802 F.2d 646, 647 (2d Cir.1986) (criminal forfeiture requires proof beyond reasonable doubt as opposed to preponderance standard in civil cases), *cert. denied,* 480 U.S. 931, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987); *United States v. Cauble,* 706 F.2d 1322, 1347–48 (5th Cir.1983) (RICO) [18], *cert. denied,* 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984); *United States v. Haro,* 685 F.Supp. 1468, 1475 (E.D.Wis.1988) (although section 853(d) with its preponderance standard is constitutional, quoting *Sandini,* government proved section 853(a) beyond a reasonable doubt), *aff'd sub nom. Herrero,* 893 F.2d 1512; *Pryba,* 674

F.Supp. at 1520–21 (despite *Sandini,* legislative history and *Allen* indicate beyond a reasonable doubt standard). Several other cases have mentioned the burden in a criminal forfeiture action as one standard or the other but have not addressed it directly because the parties and the district court agreed either to a beyond a reasonable doubt standard, *see United States v. Pace,* 898 F.2d 1218, 1235 n. 5 (7th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3286, 111 L.Ed.2d 795 (1990); *United States v. Ofchinick,* 883 F.2d 1172, 1177 n. 1 (3d Cir.1989) (RICO); *United States v. Perholtz,* 842 F.2d 343, 367–68 (D.C.Cir.), *cert. denied,* 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988); *United States v. McKeithen,* 822 F.2d 310, 312, 315 (2d Cir.1987), or agreed to a preponderance standard, *see United States v. Jenkins,* 904 F.2d 549, 559 n. 13 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 395, 112 L.Ed.2d 404 (1990).

The arguments in the three circuit opinions upholding the use of the preponderance standard may be summarized as follows. First, the statute itself indicates that forfeiture should be treated like criminal sentencing, rather than an element of the substantive criminal counts.[19] The statute states that the court shall order forfeiture "in addition to any other sentence." 21 U.S.C. § 853(a). *Sandini,* 816 F.2d at 875; *Herrero,* 893 F.2d at 1541; *Hernandez–Escarsega,* 886 F.2d at 1577. *See also Sandini,* 816 F.2d at 875–76 (noting other criminal sentencing provisions requiring only a preponderance). Second, the *Sandini* opinion stated that the Senate report indicated that the civil standard should be applied. *Sandini,* 816 F.2d at 872, 876. The support for this particular point is a citation to the page in the Senate report discussing the section 853(d) presumption. *Id.* at 872 (*citing* 1984 U.S.Code Cong. &

---

**18.** 18 U.S.C. § 1963(a) of the RICO statute provides for similar criminal forfeiture and was amended in the same bill that contained 21 U.S.C. § 853. Several courts have noted their similarity. *See, e.g., United States v. Feldman,* 853 F.2d 648, 661–62 (9th Cir.1988), *cert. denied,* 489 U.S. 1030, 109 S.Ct. 1164, 103 L.Ed.2d 222 (1989); 1984 U.S.Code Cong. & Admin.News at 3393 (new forfeiture provisions parallel to amended RICO forfeiture).

**19.** Due process allows district courts to make factual determinations at sentencing by a preponderance of the evidence. *See United States v. Averi,* 922 F.2d 765, 766 (11th Cir.1991); *United States v. Mieres–Borges,* 919 F.2d 652, 660 (11th Cir.1990). *See also United States v. Ignancio Munio,* 909 F.2d 436, 439 (11th Cir.1990) (preponderance applies to U.S. Sentencing Guidelines).

Admin.News at 3395); *Hernandez–Escarsega,* 886 F.2d at 1577 (quoting *Sandini* ). As is outlined, *supra,* the report as a whole is ambiguous on the applicable burden. Third, the inclusion of the section 853(d) presumption with its burden of a preponderance is the only reference to standard of proof in the statute, and the presumption would have no significance if the government were still required to prove the elements of forfeiture beyond a reasonable doubt. *Hernandez–Escarsega,* 886 F.2d at 1577. This is particularly significant because the RICO criminal forfeiture counterpart does not contain such a presumption. *Herrero,* 893 F.2d at 1542. Fourth, the overall purpose of the statute was to use forfeiture to combat drug trafficking and organized crime. *Sandini,* 816 F.2d at 871. This is supported by section 853(*o* ), which states that the "provisions of this section shall be liberally construed to effectuate its remedial purposes." This conclusion does not conflict with *Garrett* because a defendant in a criminal forfeiture action is still entitled to a jury trial, a special verdict, and notice of forfeiture in the indictment under Rule 7. *Garrett,* in any event, was decided before Congress amended the statute to make it easier to bring criminal forfeiture actions.

On the other hand, the argument that criminal forfeiture under section 853 requires the beyond a reasonable doubt standard, even with the section 853(d) presumption built into it, is founded on the premise that criminal forfeiture is a substantive criminal charge to be proved like any other. Two rules of federal criminal procedure that pre-dated the 1984 amendments support this position: Rule 7(c)(2),[20] requiring that forfeitures be specified in the indictment, and Rule 31(e), *supra* at n. 15, requiring a special verdict for forfeiture. The Note of the Advisory Committee to Rule 31(e) states: "The assumption of the draft is that the amount of the interest or property subject to criminal forfeiture is an element of the offense to be alleged and proved. See Advisory Committee Note to

rule 7(c)(2)." The Advisory Note to Rule 7(c)(2) states:

Subdivision (c)(2) is new. It is intended to provide procedural implementation of the recently enacted criminal forfeiture provision of the Organized Crime Control Act of 1970, Title IX, § 1963, and the Comprehensive Drug Abuse Prevention and Control Act of 1970, Title II, § 408(a)(2). The Congress viewed the provisions of the Organized Crime Control Act of 1970 as reestablishing a limited common law criminal forfeiture. [citation omitted] The legislative history of the Comprehensive Drug Abuse Prevention and Control Act of 1970 indicates a congressional purpose to have similar procedures apply to the forfeiture of profits or interests under that act. [citation omitted]. Under the common law, in a criminal forfeiture proceeding the defendant was apparently entitled to *notice, trial, and a special jury finding on the factual issues surrounding the declaration of forfeiture* which followed his criminal conviction. Subdivision (c)(2) provides for notice. Changes in rules 31 and 32 provide for a special jury finding and for a judgment authorizing the Attorney General to seize the interest or property forfeited. [Emphasis added].

If forfeiture is to be charged and proved as an element of the offense, with accompanying trial procedures, congressional reference to Rule 31(e) can be seen as incorporating proof beyond a reasonable doubt. *See* 1984 U.S.Code Cong. & Admin.News at 3376. Those courts that have upheld the preponderance standard point out that Rule 7 relates to notice, which is unrelated to the standard of proof. *See Sandini,* 816 F.2d at 875. Their response to the Rule 31(e) advisory note has been to assert that advisory notes do not have the force of law, *Sandini,* 816 F.2d at 875 n. 7, or that the advisory note "is simply incorrect." *Hernandez–Escarsega,* 886 F.2d at 1578. The advisory note to Rule 7(c)(2) does indicate that criminal forfeiture is a substantive

---

**20.** "Criminal Forfeiture. No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information shall allege the extent of the interest or property subject to forfeiture." Fed.R.Crim.P. 7(c)(2).

offense, but it is unclear to what extent the common law forfeiture procedures are to be carried over into the new statutory version of criminal forfeiture. If Rule 7(c)(2) took care of notice and Rule 31(e) of the special verdict, the Rule 7(c)(2) comment, quoted *supra,* did not specify which "trial" elements should be incorporated into the new statute.[21]

A final argument for the higher standard is that the statute sought to preserve the government's option of pursuing criminal and civil forfeiture successively. Before the statute, the government was allowed to pursue a civil forfeiture action involving the same property as was at issue in a preceding, unsuccessful criminal forfeiture prosecution because of differing standards of proof. In *One Lot Emerald Cut Stones and One Ring v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), the United States Supreme Court decided that the government could bring a civil forfeiture action regarding certain property after its owner had been acquitted on criminal smuggling charges that included a forfeiture provision. The fact that the government had not proved its criminal case beyond a reasonable doubt did not preclude it from later proving a similar case in civil forfeiture by a preponderance of the evidence. 409 U.S. at 235, 93 S.Ct. at 492. Although the new forfeiture statute was designed to ease the use of criminal forfeiture and provided for it in a separate statutory section, the legislative history of the 1984 amendments indicated that such successive actions still could be brought. *See Dunn,* 802 F.2d at 647 (*citing* 1984 U.S.Code Cong. & Admin.News at 3376). Without retaining the differential burdens of proof, such successive actions would create significant problems of collat-

eral estoppel, but the Senate report does not focus on such problems.

Although the issue is close, we conclude that beyond a reasonable doubt is the proper standard. *Garrett* indicated that criminal forfeiture is not punishment, but a criminal charge to be proved like any other. Unlike most sentencing, which is determined by a judge, criminal forfeiture is decided by a jury. Rules 7(c)(2) and 31(e) strongly suggest that some criminal procedures apply to forfeiture, and proof beyond a reasonable doubt is a fundamental element of criminal trials. The legislative history of the statute seems to confirm this view, although obliquely. The cite to *Allen* indicates that Congress meant to incorporate the guarantee of proof beyond a reasonable doubt into the criminal forfeiture statute. And the government and district courts on several occasions have assumed that beyond a reasonable doubt is the applicable standard.

■ Moreover, from the wording of the statute the presumption of section 853(d) is merely a part of the ultimate and separate question of forfeiture under section 853(a). The presumption simply identifies certain property "subject to forfeiture under this section." If the presumption is applicable, the government may use it as part of its overall case in forfeiture, and the statutory burden of a preponderance of the evidence applies. For a forfeiture conviction to be complete, however, the government must specifically connect all property to underlying criminal convictions by showing the property was derived from proceeds obtained as a result of the criminal violations, was used or intended to be used to commit or facilitate the violations, and, if defendant was convicted of continuing criminal enterprise, afforded a source of control over a continuing criminal enterprise. *See*

---

**21.** The Supreme Court has declared that although the exclusionary rule does not apply to a civil deportation or tax proceedings, *I.N.S. v. Lopez–Mendoza,* 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (deportation), *United States v. Janis,* 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976) (tax), the rule does apply to forfeiture proceedings. *See Janis,* 428 U.S. at 449 n. 17, 96 S.Ct. at 3029 n. 17; *see also One*

*1958 Plymouth Sedan v. Commonwealth of Pa.,* 380 U.S. 693, 701, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (1965) ("It would be anomalous indeed, under these circumstances, to hold that in the criminal proceeding the illegally seized evidence is excludable, while in the forfeiture proceeding, requiring the determination that the criminal law has been violated, the same evidence would be admissible.").

21 U.S.C. § 853(a).[22] These requirements of section 853(a) must be proven whether section 853(d) applies or not.[23] If it were otherwise, in those cases in which section 853(d) was applicable the forfeiture requirements of section 853(a) would be useless because property would become forfeitable once the government had satisfied the requirements of section 853(d) that the property was obtained at the time of the violation and had no other likely source. Implicit in this reading is the assumption that Congress meant the "likely source" element of section 853(d) to be distinct from the requirement that property be obtained "as the result of such violation" under section 853(a)(1) or be used to facilitate a crime under section 853(a)(2). As the concurrence points out, this is an awkward structure, but no more awkward than other criminal statutes containing permissive presumptions, and in any event it is for Congress to improve upon the workability of a statute.

The purpose of the statute was to conserve judicial and law enforcement resources by allowing the government to present evidence that could be used both to convict for substantive crimes and to prove forfeiture. *See* 1984 U.S.Code Cong. & Admin.News at 3380. There is no indication, however, that the overall standard of proof for these two types of federal criminal code violations should be different.[24] In addition, Congress indicated that the government was still free to pursue civil forfeiture after an unsuccessful criminal forfeiture, the validity of which is premised on differing standards of proof. Finally, despite section 853(j), criminal forfeiture always has been considered distinct from civil forfeiture.

Thus, in a criminal forfeiture proceeding the trial court's instruction of beyond a reasonable doubt is required under current law. A thorough commentary on the statute agrees with this position. *See* Markus, 59 Temple L.Q. at 1124–25 (1986) ("Under current criminal forfeiture law, the jurors are required to find an asset forfeitable beyond a reasonable doubt.") (citing Rule 31(e) and *Cauble*, 706 F.2d at 1348).

## IV—PLAIN ERROR

■ The trial court failed to instruct the jury that the government was required to prove the elements of forfeiture under section 853(a) beyond a reasonable doubt. It remains for us to decide whether this omission constitutes plain error under Fed.R. Crim.P. 52(b). In this circuit, plain error occurs if, when examined in the context of the whole trial, an error is so "obvious that failure to notice it would seriously affect the fairness, integrity, and public reputation of judicial proceedings." *United States v. West*, 898 F.2d 1493, 1498 (11th Cir.1990) (quoting *United States v. Walther*, 867 F.2d 1334, 1343–44 (11th Cir.1989)), *cert. denied*, — U.S. —, 111 S.Ct. 685, 112 L.Ed.2d 676 (1991). Even incorrect or incomplete jury instructions are not plain error unless they result in manifest injustice. *Autrey v. United States*, 889 F.2d 973, 999 (1989), *reh'g denied*, 897 F.2d 537 (11th Cir.1990). In determining whether a manifest injustice occurred, the reviewing court must examine the instructions in their entirety, the evidence presented, and the arguments of counsel to determine whether the jury was substantially misled

**22.** In this way the § 853(d) presumption operates just as permissive presumptions in criminal trials, which nonetheless maintain the ultimate proof standard of beyond a reasonable doubt. *See, e.g., Santiago Sanchez Defuentes v. Dugger,* 923 F.2d 801, 803 (11th Cir.1991) (presumption of impairment contained in Florida drunk driving statute); *Ulster County v. Allen, supra.*

**23.** Section 853(d) would *not* apply to property not "acquired by such person during the period of the violation ... or within a reasonable time after such period." *See* § 853(d)(1). However, such property might still be connected to drug or CCE violations under the three elements of § 853(a).

**24.** As noted *supra,* there is no statutory requirement that criminal forfeiture be a separate, bifurcated proceeding, an issue that has been addressed by several courts. *See, e.g., Sandini,* 816 F.2d at 873–74. The issue of bifurcation does not directly settle the issue of burden of proof because either burden could be imposed whether forfeiture were held as part of or separate from a criminal trial, as long as the jury was properly instructed.

and did not understand the issues. *Id.* (citing cases).

In this case, the forfeiture proceedings began directly after the jury returned verdicts on the substantive criminal counts, and the trial judge instructed the jury:

> It will be, in effect, a procedure similar to that which you have already undergone; that is to say, there will be a presentation to you on behalf of the government to substantiate its charges that certain properties of the defendant should be forfeited. R14–5.

The judge then said the jury could consider "all of the evidence and the testimony which you have heard thus far in considering the matter of forfeiture." The government and the defendant each argued to the jury whether the evidence in the preceding criminal trial met the forfeiture requirements of sections 853(a) and (d), but did not introduce any new evidence. The judge then instructed the jury that it should rely upon its recollection of the evidence from the criminal trial and described the section 853(d) presumption and its preponderance standard of proof. He explained that the jury would decide forfeiture based on a special verdict form, which listed each of the six allegedly forfeitable items and for each item listed the three requirements of section 853(a) with a space to check Yes or No.[25] After the judge explained the form to the jury,[26] the judge requested any revisions to the instructions at a sidebar conference. Defendant's lawyer did not have any concrete objections, although he was under the mistaken impression that the forfeiture proceeding was civil rather than criminal and, after the jury had retired to deliberate, made vague statements about the burden of proof. *See supra* n. 13. After about three-and-a-half hours of deliberations, the jury returned a verdict forfeiting four of the six items.[27]

In this case, the trial court should have instructed the jury that the elements of forfeiture under section 853(a) had to be proven beyond a reasonable doubt. It instructed the jury that a preponderance was required to establish the presumption under section 853(d) and was silent about the standard of proof for section 853(a). In considering whether this was plain error, we are mindful that instructions on the burden of proof in a criminal trial are vital.[28] In this particular criminal forfeiture case, however, we decline to find that a manifest injustice occurred because the jury was not substantially misled by the failure to instruct. The forfeiture proceeding was held the same day the jury returned the guilty verdicts on thirteen criminal counts. The trial court charged the

---

**25.** The form mirrored the statute, quoted *supra*, which provides for forfeiture of

> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and
>
> (3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

**26.** He also stated: "This is a special verdict form in which you do not find guilt or lack of guilt but in which you answer certain questions that will make the determination as to whether or not there shall be forfeiture." R14–34, 35.

**27.** The items not forfeited were the land in Monroe County and the U.S. currency and coins.

**28.** The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). *See also Jackson v. Virginia,* 443 U.S. 307, 320 n. 14, 99 S.Ct. 2781, 2790 n. 14, 61 L.Ed.2d 560 (1979) (failure to instruct on reasonable doubt not harmless error); *United States v. Dilg,* 700 F.2d 620, 627 (11th Cir.1983) (failure to instruct adequately on presumption of innocence reversible error); *United States v. Thaxton,* 483 F.2d 1071, 1073 (5th Cir.1973) (presumption instruction functions to remind the jury that government must prove guilt beyond a reasonable doubt and to reach its conclusions based solely on the evidence); U.S. Eleventh Circuit District Judges Association, *Pattern Jury Instructions, Criminal Cases with Case Annotations,* at 2.1, 2.2, 3 (1985) (instructions on reasonable doubt).

jury that the evidence from the criminal trial was to be incorporated into the forfeiture proceeding. And the judge had instructed the jury before it began deliberations on the substantive criminal counts that it had to find defendant guilty beyond a reasonable doubt; the judge went on to define the term. At the forfeiture proceedings, the jury was instructed to carry over evidence from the preceding trial, and it is likely that it also carried over the standard of proof by which to measure this evidence. It is especially significant that the jury did not forfeit all of the property. Moreover, following the instructions to the jury in the forfeiture proceeding, the defendant did not raise objections even when prompted by the court. Thus, although the trial court should have instructed on reasonable doubt, a review of the evidence in the record and the transcript of the forfeiture proceedings convinces us that the failure to so instruct was not plain error in this case.

## V—SUFFICIENCY OF THE EVIDENCE

■ Appellant's third claim is that evidence was insufficient for forfeiture of a cashier's check of $73,200 that defendant paid for stock purchases. Because we have decided that the jury applied the proper burden of proof to the forfeiture as a whole, we must examine whether the evidence for this particular forfeiture was sufficient. We will not reverse a conviction unless, after reviewing the evidence in the light most favorable to the government, we conclude that no reasonable jury could find guilt. *United States v. Lopez*, 898 F.2d 1505, 1509 (11th Cir.1990). The evidence may be sufficient even if it does not exclude every reasonable hypothesis of innocence. *Id.* There was testimony that a stock broker had laundered money for appellant through the stock market, and that appellant's tax returns did not reflect investment profits. The check was dated February 13, 1989, four days after defendant was named in the initial indictment on drug charges and before he was arrested. The jury examined these facts under the presumption of section 853(d) and found the check forfeitable. Viewed in the light most favorable to the government, a jury

could have found a sufficient basis for forfeiture.

AFFIRMED.

ANDERSON, Circuit Judge, specially concurring:

I concur in the result and on all of the opinion for the court, except the holding that the burden of proving criminal forfeiture is beyond a reasonable doubt. I respectfully disagree on that issue. I agree with the Seventh Circuit in *United States v. Herrero*, 893 F.2d 1512 (7th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 2623, 110 L.Ed.2d 644 (1990), the Ninth Circuit in *United States v. Hernandez-Escarsega*, 886 F.2d 1560 (9th Cir.1989), and the Third Circuit in *United States v. Sandini*, 816 F.2d 869 (3d Cir.1987).

I agree with the other circuit courts of appeal that the forfeiture is part of the sentence and not an element of a substantive criminal offense. *See* 21 U.S.C. § 853(a) ("The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or Subchapter II of this Chapter, that the person forfeit to the United States all property described in this Subsection.")

In my judgment, however, the most persuasive consideration is the fact that Congress has provided in 21 U.S.C. § 853(d) that the property of a person convicted of certain felonies "is subject to forfeiture" if the government "establishes by a preponderance of the evidence" that the property was acquired during the period of the crime or within a reasonable time thereafter and that there was no likely source for such property other than the crime. Thus, when the government proves those two facts by a preponderance of the evidence, the property is subject to forfeiture, unless the defendant rebuts the presumption. In other words, when the government has proved the necessary facts by a preponderance of the evidence to trigger the presumption, and when the defendant has adduced no evidence to rebut the presumption, then the property is forfeited.

If the government can establish forfeiture by a preponderance of the evidence by using the § 853(d) presumption, the more reasonable supposition is that Congress intended to impose the same preponderance standard under § 853(a).

In my judgment, the opinion for the court errs in assuming that the higher burden of proof is superimposed on the § 853(d) presumption. Rather, § 853(d) provides that property is subject to forfeiture if the government establishes the presumption by proving the necessary facts by a preponderance of the evidence and if the defendant adduces no evidence in rebuttal.