McMILLAN, Judge.
The appellant, Christopher Eli Madison, appeals from his conviction for assault in the first degree, a violation of § 13A-6-20, Ala.Code 1975. He was sentenced to 15 years’ imprisonment; that sentence was split and he was ordered to serve one year and the balance of the sentence was suspended for five years. The trial court ordered the appellant to pay $50 to the Alabama Crime Victims Compensation Fund, restitution for the victim’s hospital bills, and court costs.
The appellant argues that the trial court committed reversible error when it failed, during its oral instructions to the jury, to give a charge on the presumption of innocence. In support of his argument, the appellant contends that the trial court’s only jury instruction regarding the presumption of innocence was given during the voir dire examination of the jury veni-re, before the jury was selected and sworn.
The State argues that because the appellant’s trial, from jury selection to conviction, lasted only one day, and because the jury heard both the trial court and defense counsel use the phrase “presumption of innocence” numerous times throughout the day, during questioning of the jury venire on this matter and also during closing arguments by defense counsel, no error occurred in this regard.
Additionally, the State argues that the trial court’s oral charge to the jury “fairly and substantially covered” the requested instruction because it included a “reasonable doubt” instruction which, it argues, contains language similar to the presumption-of-innocence charge, by stating that a defendant can not be found guilty if the State does not meet its burden of proof. The State further contends that the trial court’s extensive instructions on what the jury was to do with the evidence, including the instruction that the jury’s duty was to deduce the truth from the evidence, was an instruction on the presumption of innocence.
Our examination of the record reveals that the trial court’s oral instruction to the jury regarding the defendant’s presumption of innocence was inadequate. In United States v. Dilg, 700 F.2d 620 (11th Cir.1983), the appellant argued that the trial court erred in failing to give an oral instruction at the close of the evidence on the defendant’s presumption of innocence. In Dilg, the trial court failed to orally instruct the jury on the presumption of innocence at the conclusion of the presentation of evidence and subsequent to the closing arguments of counsel; the Court did, however, give an instruction on the presumption of innocence before the voir dire examination of the jury venire.
In reversing the judgment of the trial court, the United States Court of Appeals for the Eleventh Circuit stated:
“In his brief appellant argued that he was deprived of a fair trial because the court failed to instruct at the close of the evidence on burden of proof, reasonable doubt, and presumption of innocence. At oral argument appellant’s contention apparently was narrowed to the absence of an instruction on the presumption of innocence and reasonable doubt. We will confine our discussion to the issue raised by failure to instruct on the presumption of innocence at the close of the evidence as our disposition of the case is mandated by resolution of that issue alone.
“The government argues that any error from the failure to charge on the presumption of innocence at the close of the evidence and after closing arguments was not reversible error. It contends that because the judge gave the presumption of innocence instruction be *505 fore the voir dire; because the trial, three days in length, in their view was relatively short; because defense counsel referred to the presumption of innocence instruction during closing arguments; and because the judge in his closing instructions gave the instructions on burden of proof and allegedly referred back to his preliminary instructions, the error in not instructing at the close of the evidence was not reversible. The government submits that the jury knew that the presumption of innocence prevailed.
“A debate over what the jurors in this case did or did not understand as they retire to the jury room will not resolve the issue before us. Rather a review of the applicable law in this circuit on the appropriate timing of instructions is required to decide whether the error committed warrants reversal.
“Preliminarily we look to Fed. R.Crim.P. 30 governing ‘Instructions.’ The rule mandates that ‘the court shall instruct the jury after the arguments are completed.’ In the instant case, the trial judge gave some instructions after the closing arguments but not the instruction on presumption of innocence. Rule 30 makes no exception to the requirement that jury instructions be given after closing arguments and no exception can be inferred, particularly not for the critical instruction here at issue. See Taylor v. Kentucky, 436 U.S. 478, 483, 98 S.Ct. 1930, 1933, 56 L.Ed.2d 468 (1978); Coffin v. United States, 156 U.S. 432, 453, 15 S.Ct. 394, 402, 39 L.Ed. 481 (1895). Thus, appellee must and does concede that failure to give the instruction at the close of the evidence was error. Our inquiry moves on to the issue of whether it was reversible error.
[[Image here]]
“The former Fifth Circuit in United States v. Thaxton, 483 F.2d 1071, 1073 (5th Cir.1973), indicated that an instruction on the presumption of innocence performs a dual function. . First, it serves as a corollary to the burden of proof instruction that unless the prosecutor proves guilt beyond a reasonable doubt the jury must acquit. Id. ‘Second, “it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced.” ’ Id., quoting 9 Wigmore on Evidence § 2511, at 407 (3d ed.1940) (hereinafter Wigmore). The court proceeded to rule that where some instruction on presumption of innocence is given, failure to give the customary instruction ‘does not constitute reversible error unless the charge given fails to inform the jury of the purpose and functions of the presumption.’ Id. Thus we must determine whether the giving of the instruction on presumption of innocence prior to empaneling of the jury, indirectly supplemented by references to the presumption of innocence by defense counsel during closing arguments, but failure of the court to instruct after closing arguments or at any time during trial, adequately ‘inform[ed] the jury of the purpose and functions of the presumption.’ Id.
“A long-standing principle of federal jurisprudence is that a total failure to charge on the presumption of innocence accompanied by a defendant’s objection to such failure requires reversal of a conviction and remand for a new trial without further inquiry. Coffin v. United States, 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1895), Merrill v. United States, 338 F.2d 763, 767-68 (5th Cir.1964); Helton v. United States, 231 F.2d 654 (5th Cir.1956); Dodson v. United *506 States, 23 F.2d 401, 403 (4th Cir.1928). In the instant case, although no one could argue that there was a total failure to instruct the jury on the presumption of innocence because the only instruction from the court on this point was made prior to the jury being struck or sworn and, thus, at no time during Dilg’s actual trial was this critical instruction given, the judge did give a presumption of innocence instruction to the venire from which the jury was selected. We proceed, therefore, to the critical question of whether the purposes underlying the presumption of innocence instruction, set forth in United States v. Thaxton, supra, were served in this case.
“In United States v. Davila-Nater, 474 F.2d 270 (5th Cir.1973), a panel of this court held that failure to charge on the presumption of innocence at the close of the evidence and after closing arguments did not constitute reversible error where the trial judge instructed the jury on the presumption of innocence after they were sworn but before presentation of evidence, he referred back to his original instruction on the presumption in his closing charge, and the United States Attorney told the jury that the defendant was ‘ “cloaked in the presumption of innocence, so that the burden of proving his guilt is upon the Government.’” Id. at 284-85.
“Relying primarily on the fact that the trial judge did give the instruction during the trial and did refer back to that instruction in his closing charge, the court found that the jury was instructed sufficiently on the presumption to preclude reversal.
[[Image here]]
“The facts of the instant case are significantly distinguishable from those in Davila-Nater. First of all, here the court never instructed the jurors, as the jury sworn to decide Dilg’s case, on the presumption of innocence. The potential jurors as members of the entire venire had no sworn legal duty to heed the preliminary instructions of the court given prior to their being sworn as jurors. Thus there is no legal basis to assume that they did follow those instructions. Furthermore, in the course of these preliminary instructions the judge specifically led the venire to believe that he would not actually instruct them on the law by which they were bound until a later time, after all the evidence had been heard. There was no indication that the preliminary instructions were intended as the sole source of any aspect of the law by which the case was to be decided. To make matters worse, at no time during the instructions given at the close of the trial did the judge refer back to the pre-trial instruction given on the presumption of innocence.
“Appellee contends that the error is nonreversible because, inter alia, the judge did instruct on the burden of proof in the closing charge. The United States Supreme Court consistently has held that an instruction on the government’s burden of proof will not cure the absence of an instruction on the presumption of innocence. Taylor v. Kentucky, 436 U.S. 478, 484, 98 S.Ct. 1930, 1934, 56 L.Ed.2d 468 (1978); Coffin v. United States, 156 U.S. 432, 452-53, 15 S.Ct. 394, 402, 39 L.Ed. 481 (1895). ‘While the legal scholar may understand that the presumption of innocence and the prosecutor’s burden of proof are logically similar, the ordinary citizen well may draw significant additional guidance from an instruction on the presumption of innocence.’ Taylor v. Kentucky, 436 U.S. at 484, 98 S.Ct. at 1934.
“ ‘[I]n a criminal case the term [presumption of innocence] does convey a *507 special and perhaps useful hint over and above the other form of the rule about the burden of proof, in that it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced. In other words, the rule about burden of proof requires the prosecution by evidence to convince the jury of the accused’s guilt; while the presumption of innocence, too, requires this, but conveys for the jury a special and additional caution (which is perhaps only an implied corollary to the other) to consider, in the material for their belief, nothing but the evidence, i.e., no surmises based on the present situation of the accused. This caution is indeed particularly needed in criminal cases.’ (emphasis the Court’s).
“Id., quoting Wigmore.
“Appellee also argues that references by defense counsel during his closing argument to the presumption of innocence adequately informed the jury of the presumption. In United States v. Nelson, 498 F.2d 1247 (5th Cir.1974), cited by the Supreme Court in Taylor, the trial court gave no instruction on the presumption of innocence but the government argues ‘that references to the presumption by the court and counsel throughout the proceedings, from voir dire to closing argument, adequately apprised the jury of the presumption of innocence.’ Id. at 1248. While recognizing that these references coupled with the court’s instruction on the burden of proof in the case may satisfy the first purpose of a presumption of innocence instruction, Id. at 1248-49, the court held that ‘even continual references throughout the proceedings do not sufficiently remind the jury at the conclusion of the evidence that, in determining the guilt or innocence of the accused, it must put away from their minds “all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced.” ’ Id. at 1249, quoting United States v. Thaxton, 483 F.2d at 1073. Thus, it is clear that arguments by defense counsel and references to the presumption of innocence will not cure an otherwise reversible error of failing to instruct on the presumption of innocence.
“In the final analysis then, since neither giving of instructions on the burden of proof nor references by counsel to the presumption of innocence during closing arguments is sufficient to make the error committed by the trial court nonrev-ersible, ‘[t]he timing of the court’s action in instructing the jury is the salient factor....’ United States v. Thaxton, 483 F.2d at 1074. In Thaxton a charge on the presumption of innocence was given at the close of the evidence and after the arguments of counsel. The instruction, however, lacked the customary element that the presumption stays with the accused until the very moment when the jury agrees to a guilty verdict. Id. at 1073. In deciding that failure to include this element in the instruction was not reversible error, because both purposes underlying the instruction were served, the court distinguished the case of Dodson v. United States, 23 F.2d 401 (4th Cir.1928), in which a similar instruction had been given and was held to constitute reversible error. The Thaxton court distinguished Dodson as follows:
“ ‘In that case the court instructed the jury prior to the introduction of evidence that the presumption of innocence stayed with the defendant only *508 “until you have been satisfied that the defendant is guilty....” The trial court refused to give any additional instructions on the continuing effect of the presumption at the close of all the evidence. In reversing Dodson’s conviction, the Fourth Circuit pointed out that under the circumstances the jury might have ignored the presumption of innocence as a matter to be considered along with the evidence when they began their deliberations.... In the present case, the disputed instruction was given at the conclusion of the evidence and after arguments of counsel. Only the jury deliberation remained.... The instruction as delivered did not deny Thaxton “the right to have the jury take [the presumption of innocence] to the jury room with them as the voice of the law ...” Merrill v. United States 388 F.2d 763, 768 (5th Cir.1964), quoting Dodson v. United States, supra, 23 F.2d at 403. (emphasis the court’s).’
“United States v. Thaxton, 483 F.2d at 1074.
“In the instant case, the issue is not merely the continuity of the presumption in the jurors’ minds but indeed whether the jury ever considered the presumption. Not only did the court fail to give the instruction immediately prior to jury deliberation but in fact gave the instruction only prior to the jury initially being selected and sworn, a full three days before jury deliberation began. In addition, the judge failed to refer back to the pretrial instruction and refused to do so even after defense counsel made a timely objection. These facts, even more than those in Dodson, present a great risk that the jury ‘ignored the presumption of innocenceId.
“Under these circumstances, the court’s charge ‘fail[ed] to inform the jury of the purpose and functions of the presumption.’ Id. at 1073. The jury was not cautioned adequately ‘ “to reach their conclusion solely from the evidence adduced.” ’ Id., quoting Wigmore. We hold, therefore, that Dilg was denied ‘ “the right to have the jury take [the presumption of innocence] to the jury room with them as the voice of the law ...” ’ Id., quoting Merrill v. United States, 338 F.2d at 768, quoting Dodson v. United States, 23 F.2d at 403. Accordingly, we REVERSE Dilg’s conviction and REMAND for a new trial.”
United States v. Dilg, 700 F.2d 620, 623-27 (Footnotes omitted.)
Here, as in Dilg, the trial court erred in failing to instruct the jury on the presumption of innocence. Based upon the authority of United States v. Dilg, supra, the judgment of the trial court is reversed and this cause remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
LONG, P.J., and BASCHAB and FRY, JJ., concur.
COBB, J., concurs in the result.